UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. ARIF S. IZMIRLIGIL,

               Plaintiff,

    - against-

ECKERT SEAMANS CHERIN & MELLOTT LLC.,
SAMUEL P. TRUMBULL, ESQ., KENNETH  J.
FLICKINGER, ESQ.,  SELECT PORTFOLIO
SERVICING, INC., BRET A. SCHER, ESQ., and
KAUFMAN DOLOWICH VOLUCK, LLP.

            Defendants.


-----------------------------------------------------------------X

*FILED*

Case No: 19  AM 9: 48

Jury Trial Demanded

U.S. DISTRICT COURT
E.D.N.Y.

**VERIFIED COMPLAINT**

Plaintiff, Dr. Arif S. Izmirligil, ( herein after referred to as "plaintiff," " Izmirligil"), acting pro se,

sets forth the following upon information and belief as and for his Verified Complaint (herein after

referred to as "Verified Complaint") under oath pursuant to 28 U.S.C §1746 against, Defendants

Eckert Seamans Cherin & Mellott, LLC. ( herein after referred to as " ESCM", the " Law firm").,

Samuel P. Trumbull, Esq. ( herein after referred to as "Trumbull", the "attorney")., Kenneth J.

Flickinger, Esq.( herein after referred to as "Flickinger",the "attorney")., Select Portfolio Servicing,

Inc. ( herein after referred to as "SPS")., Bret A. Scher, Esq ( herein after referred  to as "Scher", the

"attorney") and Kaufman Dolowich Voluck, LLP. (herein after referred to as "KDV", the "Law firm").

### NATURE OF THE ACTION

1. This action brought by a consumer  Dr. Arif S. Izmirligil who is a residential homeowner,  for

the Defendants' violation of the Fair debt Collection Practices Act, 15 U.S.C. §1692,et al ("FDCPA");

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; Fed.R. Civ.P. §60(b)(3); New York Judiciary

Law, §487 ("NYJL §487");and New York Deceptive  Acts and  Practices Law, General

Business Law §349 ("GBL §349"). While, FDCPA  and  NY GBL §349  prohibit debt collectors.

Including attorneys from engaging in abusive, deceptive, and unfair debt collection practices; Further, Fed.R.Civ.P. 60(b)(3) and NYJL §487 strictly prohibits attorneys' intentional deceit and persistent misconducts to deceive the Courts and others. Plaintiff Izmirligil respectfully seeks declaratory relief pursuant to 28 U.S.C §§ 2201 and 2202 to declare the respective rights in regard to the subject dispute between the party litigants.

2.  The Izmirligil's instant action ( the "2020 action") is related to the Izmirligil's other two(2) actions ( the "2017 action") bearing the Case: 17-cv-6157 (PKC)(LB), Dr. Izmirligil v. SPS,Inc.  (E.D.N.Y); and (the "2018 action") bearing the Case No: 18-cv 7043 (PKC)(LB), Dr. Izmirligil  v. SP,S  Inc. ( E.D.N.Y.); where the District Judge Chen is also presiding Judge over the ongoing   class – action bearing the Case No: 18-cv-5985, Evans, et al v. SPS, Inc.,et al (PKC)(SMG)(EDNY) in that Izmirligil was a class action representative but withdrawn himself for his individual lawsuits against the same defendants, pursuant to Local Rule 50.3.1(e), and further, the Plaintiff Izmirligil's three related actions 2020 action, the 2018 and the 2017 actions should be consolidated in light of the pending amendments of Plaintiff Izmirligil based  on the District Judge Chen's April 22, 2020 Orders.

## JURISDICTION AND VENUE

3. This Court has Federal question jurisdiction over this action pursuant to 28 U.S.C §1331. This Court has subject matter jurisdiction under the Fair Debt Collection Practices Act,15 U.S.C§1692, et al, and under Rule 60 (b) (3) of Fed. P. Civ. P. Declaratory relief  is available pursuant to 28 U.S.C §§ 2201 and 2202. Supplemental jurisdiction exists for the State Law claims pursuant to 28 U.S.C §1367 because they share a common nucleus of operative fact with the federal claim and are so related to the federal claim as to form part of the same case or controversy under Article III of the United States. Venue is proper in this forum and in this District pursuant to 28 U.S.C §1391(b) and §1965(b), because the conduct complaint of occurred within the territorial jurisdiction of this Court.

**PARTIES**

4. Plaintiff Izmirligil is a natural person residing in the State of New York, County of Suffolk, and is the owner of the residential property located at 15 Sailors Court, Miller Place, New York,11764.

5. Defendant Eckert Seamans is a law firm, employed 360 attorneys and its Corporate office located at, 600 Grant Street, 44th Floor, Pittsburgh, PA, 15219, and foreign business corporation where it has a satellite office in New York.

6. Defendant Kenneth J. Flickinger is a licensed New York State attorney (Registration # 4275053; Year admission:2005), and employed by Eckert Seamans in its satellite office, located at 10 Bank Street Suite 700, White Plains, NY 10606.

7. Defendant Samuel P. Trumbull is an attorney who is licensed practice law in Pennsylvania and New York and Massachusetts. Defendant Trumbull lives in Pennsylvania and works in the corporate office of Eckert Seamans located at 600 Grant Street, 44th Floor, Pittsburg, PA 15219.(Registration # 4253902; Year admission: 2004).

8. Defendant Eckert Seamans is the law firm representing its client Bank of New York Mellon ( " BONYM") and Select Portfolio Servicing, Inc. ("SPS") in the subject litigations( the "2009 state action") since November 2013 and after ( the" 2015 state action") and/or in the Federal actions ( the "2017 federal action" and the "2018 federal action"), and Defendant Flickinger is the "only" attorney currently litigating and also responsible from all of the above litigations.

9. Defendant SPS is a Utah Corporation and residential loan servicer company with offices in Jacksonville, Florida and Salt Lake City, Utah. SPS is a former Fair Bank Capital Corporation, which changed its name to Select Portfolio Servicing, Inc. in June 2004 and regularly conducts business in the State of New York and throughout the United States. SPS is currently acting as subservicer of the Master servicer of J.P. Morgan Chase Bank, NA ("JPMCB") for the Bank of

3

New York Mellon (f/k/a) The Bank of New York Mellon, as Trustee for CMFT 2006 – S2 Series

(" BONYM"), and has been acting as such since November 1, 2013.Pursuant to its " Subservicing

protocol", SPS replaced the Master servicer JPMCB (also, the "Originator" of the subject

" Mortgage Loan", and is currently acting as the "Paying Agent of the same Trust, "CMFT 2006

S2-Series")of the Plaintiff's mortgage loan as a consequence of the 13 billion residential mortgage

backed securities ("RMBS") fraud settlement entered into by JPMCB, BONYM and by Federal and

State Government entities, in addition to another National Mortgage Settlement ("NMS") between

JPMCB and the Federal and State entities in the amount of $8.3 billion.

10. Defendant SPS's headquarters is located at 3217 S. Decker Lake Drive, Salt Lake City, Utah

84119, and SPS serviced more than 400.000 loans nationwide. SPS enters into service agreements

with lenders and note holders pursuant to which SPS provides servicing activities for loan portfolios.

SPS represents in standard forum letters to borrowers that "[a]s the mortgage servicer, SPS is

authorized to collect all payments and administer the terms of the note and security instruments",

and further SPS mails standard form of mortgage statements and notice letters to mortgagors,

routinely, every month, including Plaintiff Izmirligil. On September 4, 2007, Defendant SPS has

permanently restrained and enjoined, in connection with the servicing of any mortgage loan, from

violation of, among others, but not limited to FDCPA, RESPA and TILA statute based on the

" Modified Stipulated Final Judgment Order" of U.S District Judge Douglas P. Woodlock in

United States v. Select Portfolio Servicing, Inc., No: 03-12219 – DPW, 2007 U.S. Dist. LEXIS

104230 (D. Mass. Sept. 4, 2017).

11.Defendant SPS, through its deponent Diane Weinberger who is a "Document Control Officer"

of SPS, colluded with the attorneys Trumbull and Flickinger of ESCM by filing perjured affidavits

under oath before the public notary(ies) in the State and Federal Courts.

Affiant Weinberger has filed multiple false affidavits of merit in regard to the 2009 State foreclosure action ( the "2009 State action"), i.e., the Weinberger affidavit dated April, 26, 2016,  (the  "2016 Weinberger affidavit"), and the Weinberger affidavit dated February 2, 2017 and recently e-mailed to Izmirligil and to Court by its attorneys of ESCM on April 22, 2020 in related to the AO/431/11 (the "2017 Weinberger affidavit"), against Plaintiff Izmirligil where Defendants SPS is not a party of the 2009 State action based on the decision of Hon. Chen in Dolan v. SPS, Inc., No: 13-cv-1552 (PKC), 2014 WL 4662247, at 6 ( E.D.N.Y. Sept. 18, 2014). The Document Control Officer Diane Weinberger of SPS was Defendant for filing false affidavit of merit by the Courts, along with Defendant SPS, Inc., in the U.S District Court, in the case entitled Stone v. SPS, Inc., Diane Weinberger et al, 2011 WL 368838, at 9 ( N.D.ILL. Aug. 18,2011), where the District Judge determined that "SPS, Inc. and its affiant Diane Weinberger filed multiple false affidavits and further obtain(s) or produce(s) forged documents and organize(s) and assign(s) straw – man Plaintiffs in tens of thousands of mortgage foreclosure cases nationwide without evidence in violation of Federal statutes."

12. Defendant SPS through its deponent Kajay Williams who is also a "Document Control Officer" of SPS, also colluded with the attorneys Trumbull and Flickinger of ESCM, by filing perjured affidavits under oath before the public notary(ies) in the State and Federal Courts. Affiant Williams has filed a false Affidavit of Merit and amount due dated November 20, 2014, ( the "2014 Williams affidavit") in the 2009 action, along with the BONYM's motion for an order of reference and amount due and that was denied and reversed by the two(2) Orders of Second Department of Appellate Division dated November 30, 2016. Nevertheless, same affiant Williams submitted his exact same false affidavit of merit and amount due, to the Court, a second time on February 2, 2017 ( the "2017 Williams Affidavit") and recently e-mailed by their attorneys' ESCM on April 22, 2020 to the Izmirligil and to the Court. Also Affiant Williams was involved with another foreclosure case that

was identical to the Izmirligil's 2009 State litigation, styled U.S. Bank, NA v. Pautenis,2015 PA Super.

129, 118 AD3d 386, 400-01 [PA. Super. Ct. 2015], where the evidence – which was the identical

false affidavit of merit of the very same affiant Williams in the Izmirligil 2009 case – was excluded

as "hearsay" as per the admission of the affiant Williams conceded that " He has no clue about the

previous servicer JPMCB's accounting and servicing records" - which is the exact same master

servicer in Izmirligil's case – by the Order of Lower Court and subsequently affirmed by the

Appellate Court, and further the foreclosure case dismissed, in Pennsylvania action.

13. Defendant Bret  A. Scher is an attorney who is licensed to practice Law in New York State who

lives in New York and works for Kaufman, Dolowich & Voluck, LLP and also is a partner of the

same law firm, and being sued herein in his individual capacity as well as his professional capacity

as an attorney ( Registration # 2786325; Year admission:1997).

14. Defendant Kaufman, Dolowich &Voluck, LLP is a limited liability partnership operating as a

law firm headquartered at 135 Crossways Park Drive., Suite: 201, Woodbury. NY. 11797.

15.  All actions described herein that were taken by employees, agents, servants, or representatives of

any type for the defendants were taken in the line and scope of such individual's ( or, entities')

employment, agency or representations where Plaintiff seeks statutory damages, actual damages,

treble damages, punitive damages, declaratory relief, costs and attorney's fees, and any other relief

that the Court deems fair and equitable.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Izmirligil's instant "Independent action" under Rule 60(b)(3) of Fed. R. Civ. P. due to the
Defendants' intentional deceit and litigation misconducts during Federal Court proceeding:**

16. In its April 22,2020 Order(s) in denying the Plaintiff Izmirligil's requests to add his NYJL §487

claims against attorneys Flickinger and Trumbull of Eckert Seamans, LLC ( the "April 22,2020 Orders

that granted partial and denied partial of the Izmirligil's request to amend his purported amended

complaint ( " PAC"); The District Judge Chen relied upon the "fraudulent Attorney Affirmation" of defendants Flickinger and Trumbull under AO/431/11 and under AO/208/13 and pursuant to CPLR §2106 and/or pursuant to 28 U.S.C §1746. (DE 77, in the 2017 action, and DE 27, in the 2018 action).

17 . The defendant attorneys' fabrication of "fraudulent Attorney Affirmation" in order to comply with the  affidavit of merit requirements of the Chief Judge of New York State Courts and the Chief Administrative Judge of New York State Courts under AO/431/11 and under AO/208/13 and pursuant to CPLR §2106 and further filing with the Federal and State Courts by the same defendant attorneys of Eckert Seamans directly attacked the judiciary machinery in both Federal and State Courts .

18. The persistent misconducts of attorneys of Eckert Seamans, LLC was, and still is so detrimental to the underlying proceedings in the Court(s) that even without any action by Plaintiff Izmirligil, the same District Court still can found that impartial nature of the Court had been subverted – and, is still being subverted.

19. Rule 60(b)(3) allows relief from a final judgment, order or proceeding on the basis of "fraud ( whether heretofore denominated intrinsic or extrinsic, misrepresentation or other misconduct of an adverse party"). The section does not limit the power of the Court to ; (1) entertain an independent action to enjoin enforcement of a judgment on the basis of fraud; or(2) set aside a judgment order or proceeding on its own initiative for fraud upon the Court. Rule 60(b) incorporates all possible grounds for relief from judgment, such relief must be sought by "motion as prescribed in this rules or by an independent action".

20. " The Court has power to vacate its Order, proceeding or judgments whenever such action is appropriate to accomplish justice" ( see Klapprott v. United States, 335 U.S 601 (1949)), where, as here the District Judge's denial to add attorney(s) of Eckert Seamans in the 2017 and 2018 cases by relying on their "fraudulent attorney affirmation" under AO/431/11 and under AO/208/13, have prevented

7

Plaintiff Izmirligil from presenting the merits of his claims, against the defendant attorneys' persistent

violation of Section 487 of New York Judiciary Law. Accordingly, Izmirligil's instant independent

action under Rule 60(b)(3) of Fed. R. Civ. P. is proper; In specific, in light of the Appellate Division's

recent February, 13, 2020 Order uphelding the Izmirligil's four(4) NY JL §487 claims against  the

attorneys of Steven J. Baum, P.C, now de – funct law firm ( the "Baum attorneys"), in which was

substituted by the attorneys of Eckert Seamans, and apparently the current attorneys of Eckert Seamans

persistently follow the footsteps of the Baum attorneys and they will be facing with the consequences,

as the Panel Judges of the Appellate Division, Hon. Rivera and Hon. Schneikman had strongly warned

by stating the same, during 09/09/2019 Appellate argument.

21. More specifically, the "fraudulent attorney affirmation" of the attorneys of Eckert Seamans

failed to explain;(a) How could they  have verified the validity of the"forged November 13,2009

assignment "fabricated and filed by the Baum attorneys with the Court(s), based on the recent February

13,2020 Order of Appellate Division, in the 2015 action; (b) How could they  have verified the validity

of a "fatally defective RPAPL §1303 notice" that was also fabricated by the Baum defendants and

never filed with any motion by the defendant attorneys of Eckert Seamans – but "only" filed with the

Clerk's Office by the Baum law firm; (c) How could they have  verified the validity of a "fatally

defective 30 – day Default notice"  under the note and mortgage agreement at paragraph -22; (d) How

could they have verified the validity of the fabricated and "false default date in payment" in which was

allegedly April 1,209 and the Escrow accounting history and payment history records clearly reflected

a surplus in the amount of $11,152.64 when the "fabricated" 30 – day Default notice demanded in the

amount of  $33,117.38 on or around April 1, 2009 where Izmirligil made additional two(2) payments in

the amount of $20,907.18 until July 21,2009 and even after the Real Estate Taxes paid in the amount of

$15,994.74 and even after the Homeowner's Insurance paid in the amount of $2,669.00 – The Escrow

account and payment history records still demonstrated a surplus in the amount of $1,646.30 on their

face when they declared Izmirligil be defaulted in payment on or around April 1, 2009; (e) Why did

they fail to serve a mandatory RPAPL §1304 notice (" 90 – days pre – foreclosure notice"), despite to

the fact that the subject mortgage loan was originated as a "Non – traditional mortgage loan" or

" Interest only payment loan" within which  mandated  to serve a RPAPL§1304 notice upon

Izmirligil, but they failed to serve as they had already conceded on their "first  Affidavit of Merit"

dated on February 24,2010, and without which they could not – and still cannot comply with the

affidavit of merit requirements under AO/431/11 and under AO/208/13, or under AO/356/17, and /or

pursuant to CPLR §2106.

**Defendants' intentional deceit and litigation misconducts during State Court Proceedings.**

22. Plaintiff, a residential homeowner, having obtained three(3) Orders by the Appellate Division,

Second Department in favor of himself, <u>recently</u>, on February13,2020 (the "February 13,2020 Order"),

and  <u>previously</u> ,  on November 30, 2016 ( the " two November 30, 2016 Orders"), against the

attorneys of Steven J. Baum, P.C ( the "Baum defendants") and against the trustee Bank of New York

Mellon (" BONYM") for the Trust CMFT 2006 – S2 in the 2015 and 2009 State actions ( February 13,

2020 Order), ( November 30, 2016 Order) (**EXHIBIT – 1 and EXHIBIT – 2** ).

23. In its recent February 13,2020 Order, Appellate Division upheld the Izmirligil's four(4) NYJL

§487  claims against the attorneys of Baum defendants and concluded that :

> "[V]iolation of Judiciary Law §487 requires an intent to deceive, where as a Legal malpractice
> claim is based on negligent conduct. Here, Izmirligil alleged that the Baum defendants violated
> Judiciary Law §487 by, inter alia, colluding with others to forge an assignment and file a
> foreclosure action using a complaint containing false allegations to deceive the Court ant others.
> The evidentiary submissions of the Baum defendants did not show that the material facts claimed
> by Izmirligil to be facts were not facts at all and that no significant dispute exists regarding them"
> (citation omitted). ( see <u>Izmirligil v. Steven J. Baum, P.C et al</u>, 180 AD3d 767 ( 2d Dept. 2020)).

24. It is abundantly clear on the Court record that "intentional misconducts" of ESCM attorneys

in colluding with the affiants of SPS, <u>not</u> just violated the Section 487 of NY Judicial Law; Also,

raised the level of fraud on the Court and on Izmirligil where their " intentional deceit complaint"

caused the State and Federal Courts <u>not</u> to perform in the usual manner in its impartial task of

adjudging cases by directly attacking the judicial machinery to by- pass the Administrative Orders

of Chief Judge of NY State Courts by intentionally deceiving the Courts, as following undignified

litigation tactics of the defendants:

25. <u>First</u>, they had intentionally and deceitfully fabricated a "fraudulent attorney affirmation" by

changing and omitting the mandatory format and language of AO/431/11 and  AO/208/13 in

violation of the Appellate Division's two(2) November 30,2016 Orders in the 2009 State action ;

<u>Bank of NY Mellon v. Izmirligil,</u> 144 AD 3d 1063 (2d Dept 2016)(held that that attorney affirmation

<u>shall</u> comply with AO/431/11 in accordance with the Administrative Order AO/208/11, not with CPLR

3012 – b); <u>US Bank, NA v. Evans,</u> 2017 NY Slip Op 51846(U)( Sup.Ct.Suffolk Co. Nov.29,2017

Whelan, J.) ( held that given the directives of Administrative Order 208/13, the Court questioned

why Plaintiff proceeded with filing the certificate of merit pursuant to CPLR §3012-b where the

judgment of foreclosure and sale has been vacated and the Plaintiff was directed to proceed with

the appropriate filing to confirm the accuracy of the filed pleading in accordance with Administrative

Order 431/11); <u>Bayview Loan Servicing, LLC. v. Bozymowski</u>, 2011 NY Slip Op 50240(U)(Sup.Ct.

Suffolk Co. Feb. 17, 2011, Mayer, J.)( held that the Plaintiff has failed  to comply with this Court's

previous Order regarding submission of an attorney affirmation in the form and with the language

required by the Administrative Order 431/11 of Chief Administrative Judge and that neither the proofs

submitted in support of the order of reference nor the mandatory attorney affirmation were sufficient

to grant an order of reference where Plaintiff's attorney omitted and changed the "mandatory language"

and  "format" of the Administrative Order that compelled the Court to order a hearing in accordance

with 22 NYCRR §130 -1.1 to determine if the conduct undertaken by the Plaintiff and its counsel was

frivolous as defined in 22 NYCRR §130 -1.1(c) and what, if any, sanction should be imposed).

**(EXHIBIT – 3 and EXHIBIT – 4)**

26. <u>Second</u>; they had intentionally and deceitfully affirmed the validity of the "forged Nov. 13,2009

assignment" in which was fabricated by the attorneys of Baum Law firm that was "legally impossible"

to verify its validity based on the Appellate Division's recent February 13,2020 Order in that upheld

the Izmirligil's four(4) NYJL §487 claims against Baum defendants in the 2015 State action for their

fabrication of the exact same "forged November 13,2009 assignment, <u>Izmirligil v. Steven J. Baum,</u>

<u>P.C.</u>, et al, 180 AD 3d 767 ( 2d Dept. 2020). ( **EXHIBIT – 5** ).

27. <u>Third</u>, they had intentionally and deceitfully affirmed the validity of a "false and bogus RPAPL

§1303 notice" in which was also fabricated by the attorneys of Baum Law firm that was "legally

impossible" to verify its validity based on the Appellate Division's Order in <u>Central Mortgage Co.,v</u>

<u>Abraham</u>, 2017 Slip Op. 0329 (2d Dept. 2017); based on the District Court's Order in <u>CIT Bank,v.</u>

<u>Anderson</u>, 2019 WL 3842922, at 4(EDNY,Aug.14,2019)(held that the question remains whether the

notice comports with Section 1303 that statue lays out strict guidelines for the required content and

form of the 1303 notice) and in <u>US Bank, NA. v. Nicholson</u> ,2013 N.Y Slip Op.33022(U)(Sup.Ct.

Suffolk Co.John,J.J.Jr.J.) where the defendant Flickinger is the attorney on the record in the "<u>new</u>"

Nicholson case(Index No: 623045/17), after the "<u>first</u>" Nicholson case dismissed due to the existence

of exact same false and bogus 1303 notice of RPAPL. The copy of the  proper 1303 notice in the

Nicholson case filed by the attorney Flickinger with the Court is annexed to this complaint as

(**EXHIBIT – 6**).The copy of the false 1303 notice is annexed to this complaint as (**EXHIBIT – 7**);

And, the  copy of  the  identical false  1303 notice in Izmirligil's case is annexed to this complaint as

(**EXHIBIT – 8 )** and further that every false and bogus 1303 notice of RPAPL in "first" Nicholson

case; in Abraham case; and, in Izmirligil case were fabricated intentionally and deceitfully in violation

of RPAPL 1303, by Baum Law firm, and attorneys Flickinger and Trumbull of ESCM were well aware

aware of it; However, they have still verified – deceitfully – its  validity, despite its fraudulent nature in

that was legally impossible to verify it and that deceived the Federal and State Courts.

28. <u>Fourth</u>, they had intentionally and deceitfully affirmed the defendant SPS's alleged compliance with the RPAPL §1304 notice requirements that applied to the subject mortgage loan of which was originated as " Non – traditional Loan" ( " Interest only payment loan") as per the JPMCB's loan origination and underwriting documents where they failed to comply with the notice requirement of PRAPL §1304 and there is not any 1304 notice on the Court records as they admitted in their "first" affidavit of merit by falsely arguing that the "1304 notice requirement of RPAPL did not apply to the subject mortgage loan at paragraph – 12( **EXHIBIT – 9**), that " the principal amount of the loan exceeds the conforming loan amount established by the Federal National Mortgage Association ( FNMA)" where they failed to comply with the section 1304 of RPAPL based on the Appellate Division's Order in <u>US. Bank Trust, NA v. Sadique</u>, 2019 NY Slip Op. 09054(2d Dept. 2019) ( held that the Plaintiff submitted no evidence showing that these historical conventional loan limits constitute the definition of a "conforming" loan under former RPAPL 1304(5)(b) and the Plaintiff also submitted no evidence as to any Fannie Mae limits for "Jumbo" mortgages as of the date of " origination" of the subject loan where the Plaintiff failed to establish strict compliance with RPAPL 1304), and that was " legally impossible" to verify their compliance with the RPAPL 1304 notice requirements; However, they have still verified – deceitfully – their compliance and that deceived the Federal and State Courts. The JPMCB's "<u>Uniform Underwriting and Transmittal Summary</u>" dated July 21, 2006 and signed by underwriter Joanne Johnson demonstrated that the subject mortgage loan was originated as an "interest only mortgage loan" which was " Non - traditional loan" and that the RPAPL §1304 notice requirement absolutely applied for it and they have failed to comply with it. ( **EXHIBIT – 10**).

29. <u>Fifth</u>, they had intentionally and deceitfully affirmed the validity of the <u>"30 -day Default Notice"</u> under Note and Mortgage agreement (**EXHIBIT – 11**), and when Izmirligil was <u>not</u> even defaulted in payment on April 2009 or on July 21, 2009 as per the master servicer JPMCB's " Escrow accounting

and payment history" records ( **EXHIBIT – 12**), and based on the Appellate Division's Orders in Bank of NY Mellon v. Gordon, 2019 NY Slip Op. 02306 (2d Dept. 2019)( held that conflicting statement of the Plaintiff in regard to the defendant's default in payment status warranted dismissal); in Hudson City Sav. Bank v. De Pasquale, 113 AD 3d 595 ( 2d Dept. 2014)( holding that the defendants were not in default at the time the notice of default was sent out to them, that the time period for the default was insufficient to find defendants were in default where the error in its default notice clearly affects the defendants' default status); and, in GMAC Mtge. LLC v. Bisceglie, 2013 Slip Op 5878, 973 N.Y.S.2d 255, 109 AD 3d 874 ( 2d Dept. 2013) ( holding that the Plaintiff Bank failed to refute the defendant's allegation of fraud in regard to her default in payment where defendant suffered prejudice, and dismissal of the foreclosure action with prejudice was proper), in which was "legally impossible" to verify the validity of a " false and fabricated default date in payment" and to verify the validity of a "false and fabricated 30-day Default Notice"; However, they have still verified - deceived the State and Federal Courts in colluding with affiants Weinberger and Williams of subservicer SPS for the master servicer JPMCB where their bogus compliance with the affidavit of merit requirements under AO/431/11, AO/208/13, AO/356/17, and pursuant to CPLR §2106 were fatally collapsed based on the Appellate Division's Orders in Downey Sav. And Loan Assocs.v. Turijillo 142 AD 3d 1040 (2d Dept. 2016) ( held that the purported compliance with AO/431/11 contained false statements, warranted dismissal), and in HSBC Bank, USA v. Joseph - Byrd, 148 AD 3d 788 – 789 ( 2d Dept. 2017) ( held that the second failure of compliance with AO/431/11 despite to the Supreme Court's warning of dismissal with prejudice, warranted dismissal of the foreclosure action with prejudice).

30. In the Federal and State Courts, fraud on the Court occurred under Rule 60, in addition to the attorneys Trumbull's and Flickinger's violation of NYJL §487, focusing on the offending parties of ESCM colluding with the deponents of Weinberger and Williams of SPS – as an officer of the

Court, they had a duty to <u>not</u> mislead the Federal and State Courts, intentionally, deceitfully and

persistently, or fail to correct the misrepresentations where even simple dishonesty of any attorney

is so damaging on Courts and litigants that is considered fraud on the Court.

31. Here, the attorneys Trumbull and Flickinger of ESCM for SPS, " knowingly forced fraudulent

facts involving multiple forgeries on the Courts" through their "fraudulent attorney affirmation"

under AO/431/11, AO/208/13, and under AO/356/17 and pursuant to CPLR §2106 based on their

own submitted evidences and Court documents that they cannot refute their validity, and based on

the Appellate Division's multiple Orders, and / or failed to correct their intentional and persistent

misrepresentations, thereby they have committed fraud on the Court and Izmirligil in Federal and

State litigations.

32. In this instant action, the Plaintiff Izmirligil's NYJL §487 claims and Fraud on the Court claims

under Rule 60 of Fed. R. Civ. P. against defendants involved the fabrication of a "fraudulent attorney

affirmation" by the attorneys Trumbull and Flickinger of ESCM, colluding with the affiants

Weinberger and Williams of SPS in that directly related, among others, but not limited to the

forged November 13,2009 assignment" and a "false 1303 notice of RPAPL" fabricated by the

attorneys of former Law firm of Steven J. Baum, P.C., as per Appellate Division's recent February 13,

2020 Order, and further the defendants' subject persistent misconducts originated during Federal and

State litigations caused the Federal and State Courts not to perform in the usual manner its impartial

tasks of adjudging cases and further that undermined the integrity of the judicial process and

influences the decision of the  Courts by directly attacking the judicial machinery in both Federal

and State Courts; Thus, constituted fraud on the Courts and Izmirligil and violated the NYJL §487

by the attorneys Trumbull and Flickinger of ESCM.

33 . Additionally, Appellate Division has rejected "flatly" the "preclusion" arguments of the same

attorneys for the defendants, included defendant  Flickinger who has argued the applicability of the

collateral estoppel, ( " issue preclusion") where neither did the issue preclusion apply to the Izmirligil's 2015 case nor does the issue preclusion apply to the Izmirligil's instant action (or, his 2017 and 2018 cases) based on the Appellate Division's determination that none of them (e.g.Collateral estoppel, Res judicata, Colorado River abstention, etc.) could possibly apply to Izmirligil's RPL §329 claims, RPAPL Article 15 claims and NY JL §487 claims ( see <u>Peterson v. Forkey</u>, 50 AD 3d 774, 376, N.Y.S 2d 560, 561 ( 1st Dept. 1975)( " Both the doctrines of [r]es judicata and collateral estoppel have as their prerequisites the entry of a judgment); <u>Fritz v. Resurgent Capital Services, LP.</u>, 955 F. Supp.2d 163 ( E.D.N.Y2013) (same)), where there is <u>no</u> "entered <u>final</u> judgment" against Izmirligil in the 2009 action on the Court records contrary  to the Defendant Flickinger's persistent misrepresentations.

34. In deed, the Baum defendants' intentional deceit and persistent misconducts in violation of NY JL §487 in the 2009 action are "part of a broader fraudulent scheme" where, as here, Izmirligil was not – and still is not constrained to assert a section 487 Judicial Law claim in the conduct committed by the Baum defendants occurred and further constituted " fraud on the Court" and on Izmirligil, and that is identical to the defendant Flickinger's intentional deceit and persistent misconducts( and, also defendant Trumbull's intentional deceit and persistent misconducts in the 2017 Federal action) in this instant action and in the 2009 action ( see <u>Newin Corp. v. Hartford Accident & Imdemnity Co.</u>, 37 NY 2d  211 [1975] ( " A cause of action for fraud and deceit will lie, even though perjury is present, where than perjury is merely a means to the accomplishment of a larger fraudulent scheme")); <u>Specialized Indus. Servs. Corp v. Carter</u>, 68 AD 3d 750 (2d Dept. 2009) ( held that the Plaintiff has sufficiently alleged a larger fraudulent scheme to fit within the exception to the rule against collateral attack [ in regard to his NYJL §487 claim])).

35. In its 2009 action, BONYM, through its first attorneys of Baum defendants, relied on the same " forged November 13,2009 assignment" ( the " forged November 13, 2009 assignment") on its foreclosure complaint at paragraph – 3 ( **EXHIBIT – 13**).

36. BONYM relied on the same "forged assignment" on its all four(4) Notice of Pendency(ies) filed with the Clerk's Office of Suffolk County in which the 4th Notice of Pendency dated December 11, 2019 was filed by the defendant Flickinger – again – based on the same forged assignment.
( **EXHIBIT – 14** ).

37. BONYM relied on the same "forged assignment" on its "first" Affidavit of Merit  ( the "first Affidavit of Merit") in its 2009 action. ( **EXHIBIT – 9**).

38. BONYM relied on the same"forged assignment" on the"second Affidavit of Merit"  fabricated by the subservicer Select Portfolio Servicing, Inc ("SPS"), deposed by affiant Kajay Williams under oath in front of notary public and filed by the former attorney David V. Mignardi of Eckert Seamans and Mr. Mignardi's employment was terminated by the same law firm for his fabrication of false affidavit of service that falsely notarized and filed by the Court in the Izmirligil's 2015 action, in behalf of Defendant SPS, Inc.

**The " fraudulent  attorney affirmation" of defendants is "fatally defective" on its face:**

39. On November 30, 2016, in its two (2) orders, Appellate Division reversed the Judge Thomas F. Whelan's Order of reference and amount due which was based on the affiant Kajay Williams " perjured affidavit of merit" and the former Eckert Seamans attorney Mignardi's " fraudulent affirmation" in violation of Administrative Order AO/431/11 and in violation of CPLR §2106,and Appellate Division determined that BONYM and its attorneys shall comply with "AO/431/11", NOT with the affidavit of merit requirement under "CPLR §3012-b".

40. That is because, Izmirligil had already filed his RJI on 01/26/2009  (" Request for Judicial Intervention")by the Court in the 2009 action, and BONYM and its attorneys have "only" one option; that is, they shall comply with the "affidavit of merit requirements" under AO/431/11, NOT CPLR §3012- b, based on the Appellate Division's two (2) Orders dated November 20, 2016.
(Bank of NY Mellon v. Izmirligil , AD 3 d 1063 (2d Dept. 2016)).

41. In its November 30,2016 Order Appellate Division determined by commanding that:

" On March 2, 2011 Administrative Order 548/10 was replaced by Administrative Order
431/11, retroactively effective November 18,2010 which reversed the form for the
required attorney affirmation. Administrative Order 431/11 requires a plaintiff attorney
in a residential mortgage foreclosure action to file an affirmation indicating that he or she
communicated with the representative of the plaintiff, and that representative informed the
attorney ' that he/she/they (a) personally reviewed plaintiff's documents and records relating
to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations
set forth in the complaint and any supporting affidavits of affirmations filed with the Court,
as well as accuracy of the notarizations contained in the supporting documents filed therewith'.
The Order incorporated two forms for this purpose – an affirmation to be filed by the plaintiff's
counsel (" shall file"), an affidavit to be filed by the plaintiff's representative (" may file")".
( see <u>Bank of New York Mellon v. Izmirligil</u>, 144 AD 3d at 1065) ( **EXHIBIT – 2**).

42. Further, Appellate Division directed that:

" On August  2013 the Chief Administrative Judge issued Administrative Order 208/13,
'effective immediately', which directs that the provision of Administrative Order 431/11
'shall not apply to residential mortgage foreclosure action commenced on or after August
30,2013'. In actions commenced prior to August 30,2013, ' where no affirmation has been
filed pursuant to AO/431/11', Administrative Order 208/13 states that 'Plaintiff's counsel
may either (1) comply with the AO/431/11, or (2) file with the Court <u>at the time of filing
of the Request for Judicial Intervention</u> a certificate of merit whose contents are described
in section 3012 – b(a) of the Civil Practice Law and Rules'. Patrick M. Conners, 2013 Supp.
Practice Commentaries, McKinney's Cons. Laws of NY. Book 7B CPLR 3012 – b".
( see <u>Bank of New York Mellon v. Izmirligil</u>, 144  AD 3d at 1066) ( **EXHIBIT – 2** ).

43. Finally. Appellate Division specifically directed that:

" In addition, that the legislature manifested a clear intent to apply the certificate of merit
requirement of CPLR 3012 – by only to those actions commenced on or after August 30,
2013, does not manifest an intent by the legislature to relive a plaintiff's counsel of the
affirmation requirement in actions commenced prior to August 30,2013. Had the legislature
intended to regulate the area of then – pending mortgage foreclosure actions by obviating
the need for any such affirmation, it easily could have done so".
( see <u>Bank of New York Mellon v. Izmirligil</u>, 144 AD 3d at 1066 – 67. ( **EXHIBIT – 2**).

44. It is abundantly clear that BONYM and its attorneys had to comply with AO/431/11, for the

affidavit of merit requirements and pursuant to CPLR §2106, but they failed; Instead, <u>first</u>, they moved

by filing a motion with the State Court to declare that "<u>Administrative Orders are void and

unconstitutional</u>" and that granted by the Judge Whelan, and subsequently reversed by the Appellate

Division, similar to the reversal of the Judge's Order of reference  ( see <u>Bank of New York Mellon v.</u>

Izmirligil, 144 AD 3d at 1067); and, <u>second</u>, now, the attorneys of Eckert Seamans, Mr. Flickinger and

Mr. Trumbull who is also the defendant in the Izmirligil's 2017 Federal action, deceitfully changed and

omitted the mandatory <u>language</u> and <u>format</u> of the AO/431/11 and AO/208/13 and further submitted the

State and Federal Courts intentionally to deceive the Courts.( **EXHIBIT – 15**)[ fraudulent  AO/431/11]

and (**EXHIBIT – 16** ) [proper AO/431/11].

45.The "fraudulent attorney affirmation" under AO/431/11and pursuant to CPLR §2106 is "<u>fatally</u>

<u>defective</u>" on its face, and fabricated and filed with the Courts by the attorneys of Eckert Seamans,

and defendants Flickinger  and attorney Trumbull (who is the defendant in the 2017 Federal action)

to intentionally deceive the State and Federal Courts by misleading and misstating that they have

purportedly complied with the affidavit of merit requirement under AO/431/11 and pursuant to CPLR

§2106 when actually they did not, and that clearly constituted, not just violation of JL §487, but also

rendered fraud on the Court(s) and on Izmirligil ( see <u>Eastern Financing Corp v. JSC Alchevsky Iron</u>

<u>and Steel Works</u>, 258 F.R.D 76 ( SDNY 2008) (held that when an attorney misrepresents or omits

facts to the Court, or acts on a clients perjury or distortion of evidence to obtain default judgment, his

conduct may constitute a " fraud on the Court")).

46.The " fraudulent attorney affirmation" under AO/431/11 is <u>fatally defective</u> on its face, and it

cannot be complied with the affidavit of merit requirements, because the " Notice" as entitled "N.B."

( " Nota bene " is a latin phrase meaning "<u>Take notice</u>" or "<u>Note well</u>" and it is used to direct attention

to something particularly important. The abbreviated form of Nota bene is "N.B.", as "mandatory

language and as part of " mandatory format" of the AO/431/11 ( see **EXHIBIT – 16** ) showing the

mandatory language and  mandatory format of the proper AO/431/11 by comparing with <u>Exhibit – 15</u>

clearly showing that mandatory language and mandatory format <u>lacked</u> on the face of the "fraudulent

attorney affirmation" where attorneys of Eckert Seamans, both Flickinger and Trumbull intentionally

misrepresented and deceitfully omitted the facts to the State and Federal Courts by fabricating a

distorted evidence to obtain default judgment against Izmirligil and that intentionally and persistently

deceived the State and Federal Court in which <u>not</u> only constituted violation of NYJL §487, also

constituted a fraud on the State and Federal Courts.

47. The Mandatory language of AO/431/11 with respect to "N.B", clearly commended and mandated

on its face where the "fraudulent attorney affirmation" of the attorney Flickinger and Trumbull lacked

on its face and directed that :

> "**N.B.:** During and after August 2010, numerous and widespread insufficiencies in foreclosure
> filings in various courts around the nation were reported by major mortgage lenders and other
> authorities, including failure to review documents and files to establish standing and other
> foreclosure requisites; filing notarized affidavits which falsely attests to such review and to
> other critical facts in the foreclosure process; and " robo signature" of documents."

It is abundantly clear that " any" purported affidavit of merit compliance under AO/431/11 and

pursuant to CPLR §2106 <u>does not</u> comply with the attorney affirmation under AO/431/11 where, as

here, the "fraudulent attorney affirmation", lacked the mandatory " Notice" as "N.B." and lacked the

mandatory "language" and mandatory "format" on its face, and accordingly it is "fraudulent", and

"falsified" and "fabricated" deceitfully and to trick and to mislead the Federal and State Courts

intentionally and persistently deceiving them.

48.The " fraudulent attorney affirmation" under AO/431/11 is also <u>fatally defective</u> on its face, and

it cannot be complied with the affidavit of merit requirements, because the attorneys of ESCM

deceitfully and intentionally changed the language and format of AO/431/11 and AO/208/13

attempting to circumvent the affidavit of merit requirements and mandatory attorney affirmation

under AO/431/11; AO/208/13 and pursuant to CPLR §2106, by deceitfully omitting the mandatory

language at the end of the second paragraph, dictating that "...as well as the accuracy of notarizations

contained in the supporting documents filed therewith", as reflected on its face of the "fraudulent

attorney affirmation" stated at paragraph – 3 and paragraph – 4, that:

> " 3. Upon information and belief, the mortgage loan at issue in this foreclosure action did not

originate with plaintiff but, rather was pooled, assigned and transferred into the trust Chase Mortgage Finance Trust Series 2006 – S2 ( the "Trust") pursuant to a Pooling and Servicing Agreement dated as of September 1,2006 among Chase Mortgage Finance Corporation as Depositor, JP Morgan Chase Bank, NA ("Chase"), as servicer and as custodian, JP Morgan Chase Bank, NA as paying agent, and Bank of New York Mellon, as Trustee – all prior commencement of this action. Accordingly, Diane Weinberger was unable to confirm that underlying documents previously filed with the Court have been properly reviewed and notarized by the proper servicer."

"4. Moreover, in as much as affidavit of service of process were prepared, executed and notarized by A & J Process Service, Inc ( " A & J"), a process service company located in New York, and unaffiliated with Plaintiff, Diane Weinberger was also unable to confirm or deny that such affidavits were properly reviewed or notarized by A &J".

49.These are " wholly perjured statements" in attempting to circumvent the affidavit of merit requirements under AO/431/11, AO/208/13 and pursuant to CPLR §2106 that fraud committed by the attorneys of Eckert Seamans and committed by the SPS's deponent, Diane Weinberger who has perjured herself under oath in front of notary public to intentionally deceive the Federal and State Courts, simply because both attorneys of Eckert Seamans and deponent pf SPS knew, were knowledgeable and aware of that deponent Diane Weinberger of SPS was able to confirm the invalidity of the underlying documents, but intentionally and deceitfully perverted the truth by deceitfully stating that deponent Diane Weinberger of SPS was unable to confirm the validity of the underlying documents, including but not limited to the "loan origination and underwriting documents";the " forged November 13,2009 assignment"; the "fraudulent and defective RPAPL §1303 notice"; the " lack of RPAPL §1304 notice" on the record; the "lack of default in payment by Izmirligil on or around April 2009 and July 2009"; the " lack of proper 30 – days Default notice" in the face of the above documents for the following additional reasons:

50. Based on the Baum Law firm's own admission, specifically conceded that :

" Every sworn, signed, notarized mortgage instrument should be re- executed, including the Affidavit of merit"

Therefore, these statements are wholly perjured in attempting to circumvent the "Affidavit of Merit" requirements under AO/431/11, AO/208/13 and pursuant to CPLR §2106 that fraud  committed by the

attorneys of Eckert Seamans defendants Trumbull and Flickinger, and fraud committed by the

deponents of defendant SPS, both are " Document Control Officers" of SPS, affiants, Diane

Weinberger and Kajay Williams who also perjured themselves under oath in front of notary public to

intentionally deceive the Federal and State Courts, simply because the previous attorneys of Steven J.

Baum, P.C had already conceded in its "Judicial Foreclosure – Full File Certification", dated March

21,2011 and signed by Christina P. D'Alessio, Legal Assistant of the law firm of Steven J. Baum, P.C

[ Baum's Judicial Foreclosure – Full file Certification] ( **EXHIBIT – 17** ), in responding to the Chase's

" Attorney Alert", sent by Lindsey Jecowich, dated November 3, 2010 in regard to the " New Affidavit

Merit Guidelines" that mandated the JPMCB's first attorney Baum law firm to comply with it directing

that " In order for our office to restart the judicial foreclosure proceedings in New York, Chase is

requiring your office to certify the existence of any documents in your file, or filed on our behalf

which are verified, notarized or sworn by on our behalf of Chase Home Finance, LLC or EMC

Mortgage Corporation for every pending foreclosure which is active or on hold" (**EXHIBIT – 18** ),

( e-mail for attorney alert), that:

    JUDICIAL FORECLOSURE – FULL FILE CERTIFICATION.
" We, Steven J. Baum, P.C., hereby certify as follows:
    With regard to loan number [Izmirligil's loan number reducted to comply with the Federal
    and State Rules] ( "the loan"), we, Steven J. Baum, P.C., conducted a search of the files
    maintained by this office and to the best of our knowledge, information, and belief, the
    following statements are true and correct:
        – We, Steven J. Baum, P.C, have returned to Chase the complete file maintained by this
          office in connection with the loan, including all court pleadings and documents filed
          with the courts and or governmental agencies.
        – We, Steven J. Baum, P.C., have provided to Chase for execution of a new version of
          each and every document required to be verified, notarized or sworn by or behalf of
          Chase Home Finance LLC or EMC Mortgage Corp., or their affiliates, in connection
          with foreclosure on the collateral relating the loan. Specifically new version of the
          following documents were provided:
          Affidavit of Merit. Please be advised that I can only confirm documents from in our
          office and I cannot confirm any documents handled by the attorney handling the notice
          of appeal.
        – No action will be taken on the loan unless and until we receive from Chase Home

Finance, LLC or EMC Mortgage Corp, or their affiliates each such newly executed document and/or written instruction authorizing our office to proceed.

March 21,2011                                              Christine P. D'Allessio
Date                                                            Legal Assistant

51. Since, Chase as " master servicer" ( and, also "loan originator", and currently acting as "paying agent" for the Trust CMFT 2006 – S2 )  did  not  re – execute "a new version of each and every document required to be verified, notarized or sworn by or behalf of Chase", as of today, included but not limited to the "forged November 13,2009 assignment" fabricated and filed by the attorneys of Baum  law firm with the Courts and Clerk's Office of Suffolk County in the 2009 action; "false RPAPL 1303 notice" fabricated and filed by the attorneys of the Baum law firm with the Clerk's Office of Suffolk County( and, never filed by the Court); "fraudulent affidavit of service" fabricated and filed by  A & J Process Serving, Inc ( and it was owned by the Baum law firm) with the Courts and Clerk's Office of Suffolk County, etc; In specific, neither did master servicer Chase re – executed the " New version" of the above documents in order to comply with the affidavit of merit requirements under AO/431/11, AO/208/13, AO/356/17 and pursuant to CPLR §2106 by subservicer SPS and by its attorneys Trumbull and Flickinger of ESCM nor could they re – execute them at this stage of the litigation – more than a decade; Thus, the fraud on the court occurred – in addition to the violations of the attorneys Trumbull and Flickinger of ESCM – where plaintiff Izmirligil demonstrated based on the defendants' own evidences, here their former attorneys Baum Law firm's own "Judicial Foreclosure – Full File Certification" that candidly admitted that the validity of the existing sworn, signed and notarized Court documents could not be – and still cannot be verified nor affirmed by the Law firm of Steven J. Baum, P.C and similarly, cannot be verified and affirmed by the current attorneys Trumbull and Flickinger of ESCM and their affiants Weinberger and Williams who are Document Control Officers of SPS, Inc., currently acting subservicer for the master servicer Chase for the same Trust.

52. Nor could Chase have affirmed the validity of the above Court documents Chase, by itself, as per

its "Consolidated Notes Log" dated January 31, 2012 through Mr. Lawrence Mandli of Chase who

had candidly admitted the same , that:

" Sworn documents need re – execution".

( **EXHIBIT – 19** ). That too, demonstrated clearly and convincingly, based on the defendants' own

evidences that defendants attorneys Trumbull and Flickinger of ESCM, colluding with the affiants,

Weinberger and Williams of subservicer SPS of master servicer Chase for the trust, had sentiently set

in intentional deceit and unconscionable scheme, calculated to interfere with the judicial system's

ability impartially to adjudicate a matter – here the defendants' failure to comply with the affidavit of

merit requirements under Administrative Orders AO/431/11, AO/208/13,AO/356/17 and pursuant to

CPLR §2106 by fabrication a "fraudulent attorney affirmation" with improperly influencing the trier

of fact and unfairly hampering the presentation of the opposing party's claim of defense – here ,

Plaintiff Izmirligil, in the Federal and State Courts. Aoude v. Mobil Oil Corp, 892 F.2d 1115,1118

( 1st. Cir. 1989).

53. Indeed, defendant SPS, itself has its own "Boarding Process" and during boarding process,

subservicer SPS of the master servicer Chase, through its "Document Control Officers" verify every

court documents and other material documents, starting from the origination and underwriting of the

mortgage loans, servicing of the loans, correspondences with the mortgagors, assignments, affidavits,

compliance with the mandatory foreclosure notice requirements e.g. RPAPL §§ 1303 and 1304, notices,

30 – day Default Notice, etc, and payment history records and Escrow accounting records and those

documents are properly attributed to the correct loan in SPS's document filing and imaging system

into the "Mortgage Servicing Platform"( the "MSP" and the " Boarding Process"), based on the

affidavit of merit of Patrick Riquelme who is also " Document Control Officer" of same SPS, Inc .,

in the case, Chase Home Finance, LLC v. Gold, Index No: 501016/18 ( Sup. Ct. Kings Co.)(NYSECF

DOC # 128) as to which was related to the case in Gold v. Shapiro, Dicaro & Barak, LLC, SPS, Inc.,

Bank of NY Mellon Trust, NA.,No.18- cv- 678 (PKC)(SJB), 2019 WL 4752093( EDNY Sept.30,2019) (**EXHIBIT – 20** ); Thus, the affiants of subservicer SPS of the master servicer Chase were able to verify the " invalidity" of the underlying documents previously filed with the Court, where affiants Diane Weinberger  and Kajay Williams of SPS intentionally and deceitfully misstated the facts, under oath in front of Notary Public by perjuring themselves to mislead and deceive the Federal and State Courts, (**EXHIBIT – 15** ), colluding with the attorneys Trumbull and Flickinger of ESCM by fabricating the "Fraudulent  Attorney Affirmation" and further deceitfully by – passing the compliance with the affidavit of merit requirements under AO/431/11. AO/208/13, AO/356/17 and pursuant to CPLR §2106.

54. Further, the subservicer SPS always provides with the "Supplemental Affidavit of Merit" from the same Chase Bank, where JP. Morgan Chase Bank, NA is the master servicer, as such in US Bank NA. v. Nicholson, Index No. 623045/17 ( Supr. Ct. Suffolk Co.) ( NYSECF Doc. #5) and where the defendant Flickinger is the attorney on the record who knew that the vice president of JP. Morgan Chase, NA. Carrie S. Patridge has submitted his own "Affidavit of Merit" and verified the validity of the underlying documents that previously filed with the Court by the same attorneys of Baum law firm where the "first" Nicholson case was withdrawn by the Plaintiff Bank due to the existence of the identical "false 1303 notice of RPAPL" on the Court records that fabricated by the same Baum law firm, as such in the Izmirligil's 2009 State litigation in that "validity" cannot be verified by the defendants Trumbull and Flickinger of ESCM and/or Weinberger and Williams of SPS; However, its "invalidity" can be verified, easily, on its face by the same defendants – but, they have intentionally, deceitfully, and persistently misstated the facts to deceive the Federal and State Courts by disguising the plain truth from  the Courts; Thus, the fraud on the Court occurred – in addition to the attorney Trumbull's and Flickinger's violation of NYJL §487 by fabricating a "Fraudulent Attorney Affirmation"

under Administrative Orders and pursuant to CPLR §2106 and filing by the Federal and State Courts,

persistently – where Plaintiff Izmirligil demonstrated clearly and convincingly, based on the

defendants' own evidences that the defendants attorneys Trumbull and Flickinger of ESCM, colluded

with the affiants Weinberger and Williams of subservicer SPS had sentiently set in intentional deceit

and unconscionable scheme calculated to intervene with the judicial system's ability impartially to

adjudicate  a matter and with improperly influencing the trier of fact and unfairly hampering the

presentation of the opposing party's claim or defense, in the Federal and State Courts. The copy of the

excerpt of the deponent Carried S. Patridge's " Affidavit of Merit" who is the Vice – president of

JPMCB (**EXHIBIT – 21** ) and the copy of the " Certificate of Merit" ( **EXHIBIT – 22** ) of the

defendant attorney Flickinger in the Nicholson case who has never complied with the " Affidavit of

Merit" requirements under Administrative Orders AO/431/11, AO/208/13, AO/356/17 and pursuant

to CPLR§2106 in the Izmirligil's 2009 State litigation, simply because defendant Flickinger knew that

it is legally impossible to verify the validity of the above underlying documents in the 2009 State

action, but still filed a " Fraudulent   Attorney Affirmation" by omitting the mandatory language of

AO/208/13 at the middle of the paragraph – 2, to deceive the Federal and State Courts, intentionally,

and persistently.

### The ESCM's attorneys Trumbull's and Flickinger's persistent and intentional misconducts to  deceive  the Federal and State Courts and Izmirligil in violation of NYJL§487:

55. Attorney Trumbull of ESCM had intentionally and deceitfully changed the mandatory format and

misleadingly omitted the mandatory language of AO/431/11 at the end of its second paragraph to

deceive the Federal and State Courts and Izmirligil for his fabrication of a "fraudulent Attorney

Affirmation" under AO/431/11 and pursuant to CPLR §2106 and further filed by the Court(s) colluding

with attorney Flickinger of ESCM and colluding with affiants Weinberger and Williams of SPS to

obtain a default judgment against Izmirligil since February 2, 2017 in that violated NYJL §487.

56. Attorney Flickinger of ESCM had intentionally and deceitfully changed the mandatory language of AO/208/13 and misleadingly omitted its mandatory sentence at the middle of its second paragraph to deceive the Federal and State Courts and Izmirligil by intentionally covering up the attorney Trumbull's intentional deceit for their fabrication of "fraudulent Attorney Affirmation" under AO/431/11 and pursuant to CPLR §2106 and further filed by the Court(s) colluding with attorney Trumbull of ESCM and colluding with affiants Weinberger and Williams of SPS, on or around October 2019, to obtain a default judgment against Izmirligil in that violated NYJL §487.

57. The ESCM's attorneys Flickinger and Trumbull had e-mailed their purported "order of reference and amount due", recently on April 22,2020, during COVID – 19 pandemic despite to the filing and serving restrictions of the Administrative Chief Judge Lawrence K. Marks' Administrative Order, AO/78/20 and his Honor's subsequent Administrative Orders and despite to the Executive Orders of Governor Cuomo, EO 202 and his Honor's subsequent Executive Orders that restricted Court filings and servings, excluding essential Court matters, e.g. Criminal Courts etc., in that violated the Hon. Marks' Administrative Orders and Governor Cuomo's Executive Orders.(**EXHIBIT – 23**) .

58. The ESCM's attorneys Flickinger and Trumbull had served their "Notice of Entry" dated April 24,2020, recently, "without" entering by the Clerk's Office and the Court, at the middle of the COVID – 19 pandemic, despite to the filing and serving restrictions of the Administrative Chief Judge Lawrence K. Marks' Administrative Order, AO/78/20 and his Honor's subsequent Administrative Orders, and despite to the Executive Orders of Governor Cuomo, EO 202 and his Honor's subsequent Executive Orders that restricted any Court filings and servings, excluding essential Court matters, eg. Criminal Courts, etc., in that violated the Hon. Marks' Administrative Orders and Gov. Cuomo's Executive Orders. (**EXHIBIT – 24** ) and ( **EXHIBIT – 25** ) and ( **EXHIBIT – 26** ).

59. The ESCM's attorney Flickinger and Trumbull persistently refused to correct their violations by the Court; Instead, they blamed the Court by giving the false advise to file and serve upon Izmirligil,

"without" notifying Izmirligil, during their " Ex – parte communication" between ESCM's attorneys

and the Chambers of the Court ( **EXHIBIT – 27** ). The Chief Administrative Judge Marks has already

been informed by Izmirligil, accordingly.

60. The ESCM's attorneys Flickinger and Trumbull had been falsely and persistently affirming the

validity of a " forged November 13,2009 assignment" with persistent intentional  deceit that was

fabricated and filed by the Baum defendants based on the Appellate Division's February 13,2020 Order

that upheld the Izmirligil's four(4) NYJL§487 claims against Baum defendants that cannot be affirmed

legally, neither in this century nor in the next century by any average Court officer who is honest and

acting professionally and ethically, and further, by fabricating a " Fraudulent Attorney Affirmation"

colluding with the affiants Weinberger and Williams of subservicer SPS and filing by the Federal

and State Courts to intentionally deceive the Courts and Izmirligil of which violated the NYJL§487.

61. The ESCM's attorneys Flickinger and Trumbull had been falsely and persistently affirming the

validity of a "fraudulent 1303 notice of RPAPL"with intentional deceit that was fabricated by the Baum

defendants and filed "only" by the Clerk's Office of Suffolk County and had never been served upon

Izmirligil or filed with any motion by the ESCM's attorneys Flickinger and Trumbull that its validity

cannot be affirmed legally, neither in this century nor in the next century by any average Court officer

who is honest and fair, acting professionally, ethically, and further, by fabricating a "Fraudulent

Attorney Affirmation" colluding with the affiants Weinberger and Williams of subservicer SPS and

filing by the Federal and State Courts to intentionally deceive the Courts and Izmirligil of which

violated the NYJL §487.

62. The ESCM's attorneys Flickinger and Trumbull had been falsely and persistently affirming the

" purported compliance with the 1304 notice requirements of RPAPL" with intentional deceit that

had never been complied or filed with the Court by them or as per the "first Affidavit of Merit" of

Whitney K. Cook, Vice – president of Chase, despite to the fact that the subject Izmirligil's mortgage

was originated as a " non – traditional mortgage loan" or " Interest only payment loan" in that RPAPL

§1304 notice requirements absolutely applied to the subject loan based on the Chase's own loan

origination and underwriting documents that  its "purported  compliance" cannot be affirmed legally,

neither in this century, nor in the next century by an average Court officer who is honest and fair,

acting professionally and ethically , and further, by fabricating a "Fraudulent Attorney Affirmation"

colluding with the affiants Weinberger and Williams of subservicer SPS and filing by the Federal and

State Courts to intentionally deceive the Courts and Izmirligil of which violated the NYJL §487.

63. The ESCM's Attorneys Flickinger and Trumbull had been falsely and persistently affirming the

"purported compliance with 30 – days Default Notice" under the note and mortgage agreement and

falsely and persistently affirming the "false and fabricated default date in payment" with intentional

deceit when Izmirligil was not defaulted in payment on or around April 2009 or around July 2009 as

per the Chase's own Escrow and payment history that their validity cannot be affirmed legally, neither

in this century nor in the next century by any average Court officer who is honest and fair, acting

professionally and ethically, and further, by fabricating a "Fraudulent Attorney Affirmation" colluding

with the affiants Weinberger and Williams of subservicer SPS and filing by the Federal and State

Courts to intentionally deceive the Courts and Izmirligil of which violated NYJL §487.

64. The ESCM's attorneys Flickinger and Trumbull had been falsely and persistently affirming the

"Izmirligil's alleged default in answering" on or around December 2009 with intentional deceit when

Izmirligil was not defaulted in answering based on his two(2) letters sent to the law firm of Steven J.

Baum, P.C on or around December 2009, timely, that disputed the validity of the alleged debt and

directed the Baum attorneys to communicate with his "first" attorney Heath Berger, Esq., in addition

to his " Verified Answer" served upon the same Baum attorneys that was retained by the same Baum

attorneys and never rejected with notice of rejection that constituted a "waiver" of the Izmirligil's

28

alleged late filing by the attorneys that its validity <u>cannot</u> be affirmed legally, neither in this century nor in the next century by any average Court officer who is honest and fair, acting professionally and ethically, and further, by fabricating a " Fraudulent Attorney Affirmation" colluding with the affiants Weinberger and Williams of subservicer SPS and filing by the Federal and State Courts to intentionally deceive the Courts and Izmirligil of which violated NYJL §487.

65. The Appellate Division had already ruled in the Plaintiff Izmirligil's favor under AO/431/11 and pursuant to CPLR §2106 with its two(2) Orders dated November 30,2016 against BONYM and its attorneys, and there is <u>no</u> entered " <u>final</u>" judgment against Izmirligil in the 2009 action, as of today.

66. The Appellate Division has already ruled in the Plaintiff Izmirligil's favor under NYJL§487 by upholding the Plaintiff Izmirligil's four(4) NYJL §487 claims against Baum defendants based on the submitted documentary evidences, in the 2015 action, on February 13,2020.

67. As a result of false, persistent, intentional and deceitful statements and misconducts committed by the ESCM's attorneys in violation of NYJL §487, Plaintiff Dr, Izmirligil has had to expand extra resources prosecuting his lawsuit and the litigations resulting in loss of his valued time that damaged him economically, physically and mentally.

68. Plaintiff Dr. Izmirligil has also had to expand extra resources in order to have his lawsuit prosecuted by his counsels and  having to address unnecessary and torturously each lie, misconduct and intentional deceit to deceive the Courts and Izmirligil, in the amount of hundreds of thousands of dollars.

69. The aforementioned acts are proximate cause of Plaintiff Dr. Izmirligil's mental anguish and health issues, in addition to his economic loss.

70. The false, persistent misconducts and intentional deceit of the defendant ESCM's attorneys are the proximate cause of the Plaintiff Izmirligil's extra expense and other expenses.

71. As a result of the foregoing, Plaintiff Dr. Izmirligil has been damaged in an amount not less than three million dollars ( $3.000.000.00) or, an amount to be determined by the trier of fact or as may be just as this Court shall deem proper.

72. The defendant ESCM's attorneys Flickinger's and Trumbull's persistent and intentional misconducts to deceive the Courts and Izmirligil were – and still are – more than the average attorney's routine advocacy on behalf of their clients in that are absolutely extreme and egregious conducts in violations of NYJL §487 that absolutely did not fall within the bounds of the adversarial proceedings.

73. As a result of the foregoing, the Plaintiff Dr. Izmirligil is entitled to treble damages under NYJL §487.

**The KDV's attorney Scher's persistent and intentional misconducts to deceive the Upper and the Lower Courts and Izmirligil in violation of NYJL §487:**

74. On 09/19/2019, during Appellate Argument, the KDV's attorney Scher had attempted to argue by persistently misrepresenting his client Baum defendants' intentional deceit concerning their fabrication of a " forged assignment" and filing by the Court and colluding with others in violation of NYJL§487 where Appellate Division has upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against Baum defendants on February 13,2020.

75. Because, the KDV' s attorney Scher has falsely and persistently argued the same "mantra", again and again, Hon. Rivera and Hon. Schneikman of Appellate Panel, strongly warned the attorneys among others, the KDV's attorney Scher by directing that:

> " Stop flying with the magic carpet ... stop fudging it ... stop circling around... once a crook, always a crook, and again a crook ... you will be facing with the consequences.."
> ( 09/19/2019 Appellate Argument).

76. Despite to the Appellate Division's strong and fair warnings; The KDV's attorney Scher has filed his motion to reargue the Appellate Division's February 13,2020 Order by the Second Department with expired returnable date of his motion and served upon Izmirligil's former attorney who was

mandatorily quarantined in his residency due to the COVID – 19 pandemic and further, he was <u>not</u>

the attorney representing the Plaintiff Izmirligil where  Izmirligil has kindly requested KDV's attorney

Scher to correct his false serving upon the wrong attorney in the middle of COVID – 19 pandemic.

77. The KDV's attorney Scher has refused the pro se Izmirligil's request intentionally and deceitfully,

until the Motion Department of Appellate Division commended him to re -serve upon the parties, via

its e-mail. ( **EXHIBIT – 28** ) .

78. On May 5,2020, same attorney Scher of KDV, e- filed his " motion to depose Izmirligil" along

with his purported " Verified Answer", without any sworn affidavit of any Baum defendants, by the

State Court in the 2015 action, again without serving upon Izmirligil who is a pro se since October

16, 2018 as per his letter sent to Court and served upon the attorneys on the record, included  the

KDV's attorney Scher, stated that Izmirlgil was acting pro se in the 2015 State action.

79. Once again, Izmirligil has warned the KDV's attorney Scher concerning his obvious violations of

restrictions of COVID – 19 pandemic, among others AO/78/20 and subsequent Administrative Orders

of Hon. Lawrence K. Marks, Chief Administrative Judge and EO 202  and subsequent Executive

Orders of Gov. Cuomo that his motion and answer <u>cannot</u> be filed by the Court and without serving

upon the pro se Plaintiff Izmirligil who has never participated with NYSCEF system; In specific, in the

middle of COVID – 19 pandemic.

80. Not surprisingly and again, the KDV's attorney Scher refused to correct his filing violations with

the Court by intentionally misstating and deceitfully arguing his baseless position with intent to

deceive the State Court and pro se Izmirligil, and further, the KDV's attorney Scher's false filings still

remain as uncorrected on the Court records of 2015 action ( NYSCEF DOC# 522 and 523), in

violation of AO/78/20 of Hon. Marks and EO 202 of Gov. Cuomo.

81. While the KDV's attorney Scher, persistently, intentionally and deceitfully failed to correct his

violations by intentionally deceiving the Upper ans Lower Courts and pro se Izmirligil; Additionally

same attorney Scher of KDV was the defendant who was facing with the consequences pursuant to

NYJL §487 for his identical violations of persistent and chronic misstatements and intentional deceit

to deceive the Court and the other party's attorney in other case styled as, <u>Palmieri v. Biggiani, Esq.,</u>

<u>Scher, Esq., Singer, Esq., KDV, LLP.</u> Index No: 604204/18 ( Sup. Ct. Suffolk Co.)( NYSCEF DOC# 9).

82. Further, the KDV's attorney Scher has been hiding the truth colluding with his client's Baum

defendants concerning his clients Baum defendants multiple – totaling four (4) NYJL §487 violations,

and is still persistently, deceitfully and intentionally misstating the facts of the 2015 action where the

attorney Scher's persistent and intentional misconducts to deceive the Courts and Izmirligil were – and,

still are – much more than the average attorney's routine advocacy on behalf of his client Baum

defendants in that are absolutely extreme and egregious conducts in violation of NYJL §487 that

did not – could  not – and, still cannot fall within the bounds of the adversarial proceedings, as below:

83. The defendant KDV's attorney Scher moved to reargue the Appellate Division's February 13,2020

Order by falsely, intentionally and deceitfully rehashing his same false claims that the Baum

defendants were "<u>innocent</u>" in demanding the reversal of the Appellate Division's February 13,2020

Order by falsely, intentionally, and deceitfully rearguing that four(4) Panel Judges were "wrong" and

the Baum defendants have had done "nothing wrong" despite to the undeniable fact that same Baum

Law firm and its process serving company, A &J Process  Service Inc, along with Pillar Processing,

LLC were sanctioned multiple times and shut down  by the NY State Attorney General's Office ( in the

amount of $4 million) and by the U.S Attorney's Office for SDNY ( in the amount $ 2 million) on or

around January 2012 for their identical violations as such in the Izmirligil's four(4) NYJL §487 claims

against the same Baum defendants.

84. The defendant Scher's motion to reargue the Appellate Division's February 13,2020 Order dated

May 4, 2020 was "finally" served upon Izmirligil on May 6,2020 and the Plaintiff Izmirligil's own

motion dated May 4, 2020 also served upon the defendant Scher on May 6,2020 that crossed  each

other and currently pending the decision of the same four (4) Panel Judges.

85. Because, the defendant attorney Scher's multiple persistent and intentional misconducts to deceive the Courts and pro se Plaintiff Izmirligil has become chronic,and still ongoing, and "no doubt" it will be ongoing for a while; And, because, the defendant KDV's attorney Scher's multiple persistent and intentional misconducts to deceive the Court and pro se Plaintiff Izmirligil demonstrated, clearly and convincingly that the defendant Scher's " Larger Scheme" bigger  than the defendant Scher's " perjury and deceit" colluding with his client Baum defendants to deceive the Courts and pro se Plaintiff Izmirligil, intentionally and persistently; And, further, the defendant Scher's multiple persistent and intentional misconducts to deceive the other Courts and the other parties and their attorneys, has become "habitual" and "pandemic" under the guise of the litigation tactics, as such in Palmieri case, in which are criminal and absolutely potential danger to the public where the KDV's Scher makes hundreds of thousands of dollars in attorney fees – unnecessarily and unfairly by stealing the honest litigants' and/or Insurance company's money in the similarly situated cases by lingering the cases for years and years; Accordingly, it is time to declare that "enough is enough" by the District Court, EDNY pursuant to Declaratory Judgment Act for the additional reasons, as follows:

86. The defendant KDV's attorney Scher knew or should have known that Appellate Division upheld the Izmirligil's four(4) claims against Baum defendants in its February 13,2020 Order based on the Baum defendants' own evidentiary documents  submitted to the Courts and Plaintiff Izmirligil by the law firm of Bonchonsky & Zaino, LLP for the BONYM and JPMCB in responding to the Izmirligil's " Discovery and Interrogatory" demands during his 2012 Federal action in that their validity were demonstrated on their face, clearly and convincingly, by the Baum defendants own clients, same JPMCB and BONYM (DOC#32; Case No: 11- cv- 5591 (LDW)(AKT);( Izmirligil v. Bank of NY Mellon, JP Morgan Chase Bank, NA) , and/or by their attorneys Bonchonsky & Zaino, LLP; However,

33

the defendant Scher has intentionally, persistently and deceitfully re – argued his same false "mantra"

by rehashing his same deceitful arguments in front of the Appellate Division that the four(4) Honorable

Panel Judges were "wrong" and his clients Baum defendants were "innocent", and  Baum defendants

have had done " nothing wrong" where the attorney Scher's criminal conducts under the guise of

litigation tactics in violation of NYJL §487 has become absolute and rendered  , clearly and

convincingly a potential danger to the public and where the defendant attorney Scher makes

hundreds of thousands of dollars by stealing the insurance company's and the honest litigants' money

and valuable time by lingering the litigations for years and years and that must be – and, should be

stopped pursuant to the Declaratory Judgment Act, 28 USC §§2201 and 2202 and pursuant to NYJL

§487 by the District Court, EDNY.

87.The defendant KDV's defendant attorney Scher knew or should have known that Appellate Division

upheld the Izmirligil's four(4) claims against Baum defendants based on the undeniable documentary

evidences on the Court record for their fabrication of a "forged assignment " colluding with others

and filing with the Court and Clerk's Office when the defendant Scher for the Baum defendants has

failed to refute the validity of the subject evidences in his  opposition brief, motions and opposition

paper and/or during Appellate Argument on 09/19/2019, as mentioned before where the evidence  as

to the content of business records is admissible "only" where the records themselves are introduced

and without their introduction as to the contents of the record is inadmissible hearsay( Bank of NY

Mellon v. Gordon, 171 AD 3d 197,205 ( 2d Dept. 2019)); However, the defendant Scher has

intentionally, persistently and deceitfully re – argued his same false " mantra" by rehashing his same

deceitful arguments in front of the Appellate Division that the four (4) Honorable Panel Judges were

"wrong" and his clients Baum defendants were "innocent" and that Baum defendants have done

 "nothing wrong"where the attorney Scher's criminal conducts under the guise of litigation tactics has

become absolute and that constituted, clearly and convincingly a potential danger to the public and

34

where the defendant attorney Scher of KDV makes hundreds of thousands of dollars by stealing

the insurance company's and the honest litigant's money and valuable time in addition to the

judiciary's valuable time in damaging the justice system and others economically and mentally by

lingering the litigations for years and years and that must be – and should be stopped pursuant to

the Declaratory Judgment Act, 28 USC§§ 2201 and 2202 and pursuant to NYJL §487 by the

District Court, EDNY.

88. The defendant KDV's attorney Scher knew or should have known that Appellate Division upheld

the Izmirligil's four(4) NYJL §487 claims against Baum defendants in its February 13,2020 Order due

to the absence of a valid "RPAPL §1303 notice" on the Court record that a "false and defective 1303

notice" was also fabricated by the Baum defendants and "only" filed by the Clerk's office where Baum

defendants did not provide with "one" - neither the "proper one" nor the "defective one" - for the

Court record when it filed multiple motions or opposition at the upper and lower Court proceedings;

However, the defendant Scher has intentionally, persistently and deceitfully re – argued his same false

"mantra" by rehashing his same deceitful arguments in front of the Appellate Division that the four(4)

Honorable Panel Judges were "wrong" and his clients Baum defendants were " innocent", and that

Baum defendants have had done "nothing wrong" where KDV's attorney Scher's criminal conducts

under the guise of litigation tactics in violation of NYJL §487 has become absolute and that constituted,

clearly and convincingly, a potential danger to the public and where the defendant attorney Scher

makes hundreds of thousands of dollars by stealing the insurance company's and honest litigant's

money and valuable time in addition to the judiciary's valuable time damaging the justice system

and other litigants, economically, physically and mentally by lingering the litigations for years and

years, and that must be – and should be stopped pursuant to the Declaratory Judgment Act, 28 U.S.C

§§ 2201 and 2202 and pursuant to NYJL §487 by the District Court, EDNY.

89. The defendant KDV's attorney Scher knew or should have known that Appellate Division upheld the Izmirligil's four(4) NYJL §487 claims against Baum defendants in it February 13,2020 Order due to the absence of valid "RPAPL §1304 notice" on the Court record that has never been filed by the Baum defendants with the Court where the BONYM's and JPMCB's own mortgage loan origination and underwriting documents clearly and convincingly demonstrated that the subject mortgage loan was originated as a "Non – traditional loan" which is an "interest payment only loan" of which Izmirligil has never applied nor signed such a mortgage loan that RPAPL 1304 notice requirements absolutely applied to the instant mortgage loan based on the mortgage originator and underwriting documents; However, the defendant Scher of KDV has intentionally, persistently and deceitfully re- argued his same false "mantra" by rehashing his same deceitful arguments in front of the Appellate Division that the four(4) Honorable Panel Judges were "wrong", and his clients Baum defendants were "innocent", and that Baum defendants have had done "nothing wrong" where the defendant KDV's attorney Scher's criminal conducts under the guise of litigation tactics in violation of NYJL§487 has become absolute and constituted, clearly and convincingly, a potential danger to the public, and where the KDV and its attorney Scher makes hundreds of thousands of dollars by stealing the insurance company's and the honest litigants' money and valuable time in addition to the judiciary's valuable time in damaging the justice system and other litigants, economically, physically and mentally by lingering the similarly situated litigations for years and years and that must be – and should be stopped pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201 and 2202, and pursuant to NYJL §487 by the District Court, EDNY.

90. The defendant KDV's attorney Scher knew – or, should have known that Appellate Division upheld the Izmirligil's four(4) NYJL §487 claims against Baum defendants in its February 13,2020 Order due to the absence of a valid "30 – days Default Notice" on the Court record that the Baum defendants' purported " 30 – days Default Notice" and the fabricated "Default Date in payment" under note and

36

mortgage agreement are absolutely false and fatally defective when the Baum defendants persistently, intentionally and deceitfully declared Izmirligil was in default in payment on April 2009 and/or July 2009 – actually, Izmirligil's Escrow and Payment History records on the Court record submitted by the Baum defendants' clients BONYM and JPMCB, clearly and convincingly demonstrated a surplus in the amount of $11,152.64 on April 2009 and a surplus in the amount of $1,646.30 on July 2009 where Izmirligil made three(3) payments between April 1st, 2009 and July 21st, 2009 in the amount of $32,374.96 and after he paid his Real estate Tax and Home Owners Insurance in the amount of $23,519.16 in that the Baum defendants' purported 30 – days Default notice dated July 21st 2009 demanding additional three(3) more payments in the amount of $31,374.96 is absolutely false and fatally defective based on the Baum defendants clients BONYM's and JPMCB 's own Escrow and Payment History Records; However, the defendant Scher of KDV, has intentionally, persistently and deceitfully re – argued his same false "mantra" by rehashing his same deceitful arguments in front of the Appellate Division that the four(4) Honorable Panel Judges were "wrong" and his clients Baum defendants were "innocent" and that Baum defendants have had done "nothing wrong" where the defendant KDV's attorney Scher's criminal conducts under the guise of litigation tactics in violation of NYJL §487 has become absolute and that constituted, clearly and convincingly, a potential danger to the public, and where the defendant KDV and its attorney Scher makes hundreds of thousands of dollars by stealing the insurance company's and honest litigants money and valuable time in addition to the judiciary's valuable time in damaging the justice system and other litigants, economically, physically and mentally by lingering the similarly situated litigations for years and years, and that must be – and should be stopped pursuant to the Declaratory Judgment Act 28 U.S.C §§2101and 2202 and pursuant to NYJL §487 by the District Court, EDNY.

91.The defendant Scher of KDV knew – or, should have known that Izmirligil sent two(2) letters

directly to the Baum defendants in responding to their 2009 complaint, timely, within twenty(20) day

that disputed the alleged debt and advised the Baum defendants to communicate with his first attorney

Heath Berger as to which clearly constituted an answer by Izmirligil based on the Appellate Division's

decision in <u>Dime Savings Bank of NY, FSB v. Higner</u>, 281 AD 3d 895(4th. Dept. 2001) ( held that the

defendant's letter sent to the Bank's attorney within twenty(20) days after served with the summons and

complaint that disputed the alleged debt, and further advised the Bank's attorney to communicate with

his attorney constituted a timely answer by the defendant that required the reversal Order of foreclosure

and sale), in addition to the Izmirligil's serving his "<u>Verified Answer</u>" through his second attorney,

Ronald D. Weiss, upon the Baum defendants and they retained without " Notice of Rejection" and

further, the Baum defendants responded that also constituted a waiver by the Baum attorneys for the

BONYM, based on the Appellate Division's decision in <u>Glass v Captain Hulbert House, LLC</u>., 2013

NY Slip Op. 00720 ( 2d Dept. 2013) ( held that in a foreclosure action, the Plaintiff did not reject the

late answer, accordingly the Plaintiff's retention of the Bank of NY Mellon's late answer without notice

of rejection constituted a waiver of a late service and default in answering); However, the defendant

Scher of KDV, has intentionally, persistently and deceitfully re – argued his same false "mantra"

stating that Izmirligil was defaulted in answering to further deceive the Appellate Division and

Izmirligil by rehashing his same deceitful arguments in front of the Appellate Division that the four(4)

Honorable Panel Judges were "wrong", and his clients Baum defendants were "innocent", and Baum

defendants have had done "nothing wrong" where the defendant KDV's attorney Scher's criminal

conducts under the guise of litigation tactics in violation of NYJL §487 has become absolute and that

constituted,clearly and convincingly, a potential danger to the public, and where the defendant KDV

and its attorney Scher makes hundreds of thousands of dollars by stealing insurance company's and

honest litigants money and valuable time in addition to the judiciary's valuable time in damaging the

justice system and other litigants, economically, physically and mentally by lingering the similarly

situated litigations for years and years, and that must be – and should be stopped pursuant to

Declaratory Judgment Act 28 U.S.C §§2201 and 2202 and pursuant to NYJL §487 by the District

Court, EDNY.

92. The defendant Scher of KDV knew – or , should have known that Baum defendants could not

comply with the "Affidavit of Merit" requirement under "AO/431/11" and pursuant to "CPLR §2106",

but persistently, intentionally and deceitfully attempted to obtain default judgment against Izmirligil;

However, the defendant Scher of KDV has intentionally, persistently and deceitfully re – argued his

same false "mantra" by rehashing his same deceitful arguments in front of the Appellate Divisions

that the four (4) Honorable Panel Judges were "wrong" and his clients Baum defendants were

"innocent", and that Baum defendants have had done "nothing wrong" where the defendant KDV's

attorney Scher's criminal conducts under the guise of litigation tactics in violation of NYJL§487 has

become absolute and that constituted, clearly and convincingly, a potential danger to the public, and

where the defendant KDV and its attorney Scher makes hundreds of thousands of dollars by stealing

insurance company's and honest litigant's money and valuable time in addition to the judiciary's

valuable time in damaging the justice system and other litigants, economically, physically and

mentally by lingering the similarly situated litigants for years and years, and that must be – and

should be stopped pursuant to the Declaratory Judgment Act 28 U.S.C §§2201 and 2202 and pursuant

to NYJL §487 by the District Court, EDNY.

93. The defendant Scher of defendant KDV knew – or, should have known that subsequent attorneys of

the law firm of Stein & Assocs. P.C who replaced the Baum attorneys, also could not comply with

the Affidavit of Merit requirements under AO/431/11 and pursuant to CPLR §2106; Rather, they had

filed a motion to declare the Administrative Orders, AO/431/11 was invalid and unconstitutional in the

2009 action and that was granted by Judge Thomas F. Whelan, first time in the Judicial History of

New York State and subsequently reversed by the Appellate Division's two(2) November 30,2016

Orders, for all the above reasons.

94. The defendant Scher of defendant KDV knew – or, should have known that current attorneys of the

law firm of ESCM, the defendants Flickinger and Trumbull in this instant action, also could not comply

with the Affidavit of Merit requirements under AO/431/11, AO/208/11 and AO/356/17 and pursuant to

CPLR §2106 for all of the above reasons; Rather, the defendants Flickinger and Trumbull had changed

the formats and omitted the mandatory languages of the AO/431/11 and AO/208/13, persistently,

intentionally and deceitfully to deceive the Federal and State Courts and Izmirligil in attempt to obtain

a default judgment against Izmirligil where KDV's attorney Scher and the ESCM's attorneys

Flickinger and Trumbull are currently facing with the consequences, next to each other, as the four(4)

Honorable Panel Judges of the Appellate Division strongly cautioned them, during 09/19/2019

Appellate Argument where the average attorneys in the other cases, regularly comply with the Attorney

Affirmation requirements under AO/431/11 and pursuant to CPLR §2106 (**EXHIBIT – 29**).

95. As a result of false, persistent, intentional and deceitful statements and misconducts committed by

the defendant KDV's attorney Scher in violation of NYJL §487, Plaintiff Dr. Izmirligil has had to

expand extra resources presenting his lawsuit and litigations both upper and lower Courts and in the

Federal Courts resulting in loss of his valued time.

96. Plaintiff Dr. Izmirligil has also had to expand extra resources in order to have his lawsuit

prosecuted by his counsels and having to address unnecessarily and torturously , each lie, misconduct

and intentional deceit to deceive the Courts and Izmirligil, in the amount of hundreds of thousands of

dollars.

97. The aforementioned acts of the defendant Scher of defendant KDV are proximate cause of

Plaintiff Dr. Izmirligil's mental anguish and health issues.

98. The False, persistent misconducts and intentional deceit of the defendant KDV's attorney Scher

is the proximate cause of the Plaintiff Izmirligil's extra expenses.

99. As a result of the foregoing, Plaintiff Dr. Izmirligil has been damaged in an amount not less than three million dollars ( $3.000.000.00), or an amount to be determined by the trier of fact or as may be just this Court shall deem as proper.

100. The defendant KDV's attorney Scher's persistent and intentional misconducts to deceive the Courts and Izmirligil were – and still are – more that the average attorney's routine advocacy on behalf of his clients in that are absolutely extreme and egregious conducts in violation of NYJL §487 that absolutely did not fall within the bounds of the adversarial proceeding.

101. As a result of the foregoing, the Plaintiff  Dr. Izmirligil is entitled to treble damages under NYJL §487.

**It is the "regular and persistent practice of Defendants to maliciously, willfully, recklessly, wantonly, repetitiously and/or negligently refuse to follow and ignore the requirements of FDCPA, NYJL§ 487, NY GBL § 349, Administrative Orders AO/431/11, AO/208/13, and AO/356/17" where the Defendants actions are "Consumer – oriented and impact  many other similarly situated consumers"and that is subject to Declaration pursuant to 28 U.S.C §§ 2201 and 2202" in that "  the Defendants have committed the violation of NY GBL § 349, NYJL § 487,  Administrative Orders AO/431/11, AO/208/13, and AO/356/17"  by conspiring and colluding with each other:**

102. Defendants had actual notice of what the Administrative Orders AO/431/11, AO/208/13 and AO/356/17 mandated the subservicer SPS and its attorneys of ESCM to comply with "Affidavit of Merit" requirements; But, knowingly, intentionally and unconscionably continued persistent collection attempts through sending "monthly mortgage statements" by the defendant SPS and through e-mailing their purported " order of reference and amount due" by the defendant attorneys of the law firm of ESCM in 2009 foreclosure action directly to the Izmirligil and also e-mailed to the Court, in the middle of the COVID – 19 pandemic on April 22,2020 that was absolutely restricted  by the AO/78/20 and AO/87/20 of the Chief Administrative Judge Lawrence K. Marks and the Executive Orders (EO 202) of Governor Cuomo.

103. The defendants' misconducts of persistent debt collection activities based on the "fraudulent attorney affirmation" in violation of AO/431/11 and CPLR §2106 by e-mailing of their purported order of reference and amount due to Izmirligil and to the Courts where the "fraudulent attorney affirmation" contained numerous misstatements that violated the FDCPA's prohibition against unfair or unconscionable means of collection or attempting to collect a debt, as outlined in 15 U.S.C §1692f.

104. The defendants' misconducts of persistent debt collection practices based on their " fraudulent attorney affirmation" in violation of AO/431/11 and CPLR §2106 by e-mailing of their purported order of reference to Izmirligil and to the State Court where the "fraudulent attorney affirmation" contained multiple misstatements, during COVID – 19 pandemic of which absolutely prohibited act in the foreclosure action against Izmirligil, amounted to behavior with the natural consequence of harassing, and abusing Izmirligil, in violation of 15 U.S.C §1692 d. This conduct evidences a high degree of moral culpability, and constitutes willful and wanton negligence or recklessness to justify a punitive damage award.

105. Defendants repeatedly made false and misleading representations in regard to the Plaintiff Izmirligil's alleged debt to him and to the State and Federal Courts in violation of 15 U.S.C §§ 1692 e(2) and (5) and NY GBL §349. They misrepresented the character and amount of his debt, and the services rendered related to collecting an alleged debt, and they took action prohibited by Administrative Orders AO/78/20 and AO/87/20 of Hon. Marks and multiple Executive Orders of Governor Cuomo during COVID – 19 pandemic.

106. While their e-mailed  "order of reference and amount due" on April 22,2020 attempted to collect a debt in the amount of $1.814.353.70 by the defendant attorneys of ESCM; However, the defendant SPS's monthly mortgage statement dated April 14,2020 attempted to collect same alleged debt in the amount of $ 2.202,557.20 that was confusing and absolute violation of 15 U.S.C §§1692 e(2) and (5),

and GBL §349.

107.While the defendant attorneys of ESCM had conceded that charges in the amount of $7,443.00

as entitled " The other charges and Fees" should be removed from the payment history on their

previous letter sent to the attorney Singer for Izmirligil ; However, the defendant SPS has persistently

and deceitfully attempts to collect the same amount through its monthly statement in which is

absolutely confusing and also violation of 15 U.S.C §§1692 e(2) and (5) and GBL §349.

108. Further, the defendants SPS's payment history records clearly reflected that SPS's servicing

records contained multiple "illegal charges" that never belong to the Izmirligil's account or never

incurred that cannot be charged without final Court Order; Thus, clearly violated 15 U.S.C §§1692

e (2) and (5) and GBL §349 where dollar amounts "reducted" intentionally and deceitfully to confuse

and misleading the Plaintiff Izmirligil. The illegal charges among others were totaling 144 items, and

their dollar amounts were reducted to deceive and mislead or to confuse Plaintiff Izmirligil, included

but not limited to the law firm of Parsons Behle & Latimus, LLP which was not the attorney in any

litigation or any Court record, the travel expense of Diane Weinberger and many incurred expenses,

but still they attempted to collect more that couple of hundred thousands of dollars.

109.Defendants' deceptive acts and debt collection practices, are misleading to a reasonable consumer

in a material way.

110.Defendants' deceptive acts and debt collection practices were – and, still are consumer – oriented

and the acts and practices were misleading in a material respect and Izmirligil has suffered

compensable harm as direct and proximate result, as detailed below.

111. As of May 18,2020, according to online New York Sate Unified Court System: ESCM has more

that 1206 active foreclosure cases in New York State; KDV has more than 156 NYJL §487 and

malpractice cases in New York State; And, SPS has more than 497 foreclosure cases in its own name

where it services more than 400.000 mortgage loans all around the USA. Currently, SPS is subject to

the class – action lawsuit where Izmirligil was also class – representative ( but, Izmirligil has withdrawn himself for his individual lawsuits) for the SPS's identical violations of FDCPA, NY GBL §349, RESPA, TILA, etc, in the case as styled Evans, et al v. SPS, Inc., et al., Case No: 18-cv-05985 (PKC)(SMG) ( EDNY).

112. Upon information and belief, Defendants routinely and persistently commit the above mentioned violations against numerous similarly situated consumers in New York. The defendants' violations of FDCPA and NY GBL§349 and/or NYJL §487 are persistent and recurring, and that demonstrates that this is their ordinary manner of doing business where these violations of the defendants are likely to continue to occur in the future.

113. Because, it is the business of defendants to collect alleged debts e.g. mortgage loan debts, through mortgage foreclosure litigation by their attorneys, or their attorney's misconducts will be defended by the other law firm, e.g. the law firm of KDV, LLP., persistently and deceitfully colluding with their defendant attorney clients, where, as here, these acts and practices cause injury and harm to the public at large. The manner in which defendants conduct business is very likely to impact many similarly situated consumer(s) and home owner(s) who are already facing with economic downturn due to the COVID -19 pandemic; Thus, where, as here, the declaratory judgment relief is the proper solution by declaring that the defendants violated the NY GBL §349 and NYJL § 487 as to which the Courts recognized that a deceptive practices used in seemingly discrete, private transaction could impact "similarly situated individuals"( see Gold v.Shapiro, Dicaro & Barak, LLC., No: 18-cv-6787 (PKC)(SJB), 2019 WL 4752093, at 19 [ EDNY Sept. 30, 2019]; Reade – Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp.2d 353, 362 n.6 (EDNY.2005)).

114. Here, the declaratory judgment relief declaring that " the defendants have committed the violation of NY GBL§349, NYJL §487, Administrative Orders AO/431/11, AO/208/13, and AO/356/17" will

serve a useful purpose of clarifying or setting the legal issues involved in this case and such a declaration would finalize the controversy and offer relief form uncertainty as to future claims of right which is all that these Dow Jones factors demanded. ( see Allstate Inc. Co. v. Essiam, No.15 Civ. 180 ( JCH),2015 WL 379643, at 2 ( D. Conn. June 17,2015) (" The first two Dow Jones factors ask whether a declaratory judgment would provide clarity and finality with regard to the issues before Federal Court not the issues before the State Court"). " Under Second Circuit authority, satisfaction of the first two factors is sufficient to warrant maintaining of a matter".(see Windstream Servs.LLC v. BMG Rights Mgmt. (US), LLC. , No. 16-cv-5015 ( KMW)(RLE), 2017 WL 1386357,at 5 SDNY.Apr. 17, 2017) ( collecting cases)).

115.Plaintiff Izmirligil's selection of this Court to adjudicate his claims does not militate towards abstention because it cannot be said that the Izmirligil's action is some improper purpose e.g procedural fencing, where the Appellate Division's three (3) Orders, first , dated November 30,2016 directed that the attorneys for the BONYM shall comply with the "AO/431/11", not with "CPLR 3012- b" in the 2009 State action in addition to the Appellate Division's second Order declared that the Administrative Order(s) AO/431/11 is valid and constitutional ( see Bank of NY Mellon v. Izmirligil, 144 AD 3d 1063 (2d Dept. 2016) and Bank of NY Mellon v. Izmirligil, 144 AD 3d 1067 ( 2d Dept. 2016));And third , Appellate Division upheld the Izmirligil's four(4) NYJL §487 claims against the attorneys of Baum Law firm who has initiated the 2009 State action based on its fabrication of a "forged November, 13 2009 assignment" as per the recent February 13,2020 Orders of Second Department where current attorneys of defendant law firm of ESCM could not – and still cannot comply with the "affidavit of merit" requirements under AO/431/11, AO/208/13. AO/356/17 and pursuant to CPLR §2106; Instead, the defendant attorneys Trumbull and Flickinger fabricated their own "fraudulent attorney affirmation" and submitted to the State and Federal Courts to intentionally deceive the Courts and Izmirligil to obtain order of reference and amount due and a default judgment against Izmirligil in

violation of FDCPA, NYJL §487 and NY GBL §349 where defendants are facing with the consequences in this instant action, since every defendant in this action have already been Judicially fenced" by the Appellate Divisions three(3) Orders, as the two(2) Honorable Panel Judges, Hon. Rivera and Hon. Schneikman of the Appellate Division had strongly cautioned the above named defendant attorneys of ESCM and KDV during "09/19/2019 Appellate Argument"; But, obviously, the defendants did not follow the higher Courts Orders and/or strong warnings.

116. While Plaintiff Izmirligil has absolute statutory right to forum selection (see Allstate Ins. Co.,2015 WL 379643, at 3 ( rejecting claim of "procedural fencing" and noting that Federal Courts should not "be eager to deny Plaintiffs their statutorily granted right to forum selection")); Further, it cannot be said in this action that use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign Court, simply because, the State Court has obligation to follow the Appellate Division's three(3) Orders – Not just the defendants attorneys or the defendant subservicer SPS – and, if /when it fails to follow the three(3) Orders of Second Department, than the proper Court will be – again – the Appellate Division and by filing an Order to show cause ( "OSC") with  Temporary Restraining Order("TRO"), and to "stay" pending the same Appellate Division's ruling based on the same Appellate Divisions same three(3) previous Orders that should not be or could not be denied  by the Second Department and where the State Courts rulings will be stayed pending the Orders of the Appellate Division. Furthermore, while New York, not federal law, is what would control the issues presented, none are difficult questions of the State law and/or Administrative Orders at bar, so that any encroachment into domain of State Court, here the 2009 State action – would be minimal to non – existent.

117. Nevertheless, the defendant attorneys and subservicer SPS are obligated to demonstrate their compliance with AO/431/11, AO/208/13 and AO/356/17 and pursuant to CPLR §2106 in this instant

action in front of the District Judge, also – if they have "<u>truthfully</u>" complied with the requirements of Affidavit of Merit under AO/431/11, AO/208/13 and AO/356/17 and pursuant to CPLR §2106 in the State Court as they had sworn for which they did so, under oath, multiple times, as the defendants had persistently argued the same "wrong" pursuant to CPLR §2106 and pursuant to 28 U.S.C §1746; Thus, the instant matter and action do not risk creating "inconsistent and asymmetrical results" ( see <u>Minot v. Eckardt – Minot</u> , 13 F.3d 590, 593 ( 2d Cir. 1994)).

118. Finally, it is impossible that Izmirligil could have brought his claims in the 2009 State action, that is <u>not</u> better, but <u>not</u> even an alternative where the defendant attorneys for the BONYM had been attempting to obtain a "<u>default judgment</u>" against Izmirligil, since December 2009, with intentional deceit to deceive the Court and Izmirligil; Additionally, " the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate" <u>Fed.R. Civ.P. 57</u> .

( See <u>Wilmington Trust, N.A v. Estate of McClendon</u>, 287 F.Supp. 3D 353, 367 – 68 (S.D.N.Y.2018)).

119. The recent monthly mortgage statements of the defendant SPS, Inc. (**EXHIBIT – 30** ) and e – mailed the purported order of reference and amount due of the defendant attorneys Flickinger and Trumbull of the defendant ESCM to the Plaintiff Izmirligil and also e-mailed to the State Court on April 22, 2020 during COVID – 19 pandemic, serve as a basis for the Izmirligil's FDCPA claims, NY GBL §349 claims, NYJL §487 claims and the Declaratory Relief Act pursuant to 28 U.S.C §§ 2201 and 2202 against the defendants ( **EXHIBIT – 23** ).

120. All exhibits attached to this complaint and documents referenced in this complaint are incorporated by reference in their entirety.

**The Defendants are participants in a conspiracy to violate Federal Common Law ( Fraud on the Court) and the State Laws (NY GBL §349 and NYJL §487 of the attorney/Law firm defendants) to steal the Plaintiff's residency:**

121. The trio of defendants knowingly conspired to violate fraud on the Court and NY GBL §349 additionally, the defendant attorneys of ESCM and KDV conspired to violate NYJL §487 where

the attorney Scher's client Baum defendants fabricated a forged assignment and a false RPAPL §1303

notice and filed by the Courts and Clerk's office without RPAPL §1304 notice and without 30-day

Default notice and without proper default date in payment by hampering the Izmirligil's two letters

and Verified Answer that were served upon Baum defendants and never rejected where Izmirligil

has never been defaulted in answering where the attorney Scher for the Baum defendants persistently

and intentionally deceived the Upper/ Lower Courts by persistently misstating the facts of the 2015

case and the 2009 case and conspired with the other defendant attorneys of ESCM, Flickinger and

Trumbull who fabricated a "fraudulent attorney affirmation" under AO/431/11 and AO/208/13 and

conspired and colluded with attorney Flickinger who deceitfully changed the mandatory language and

format of the AO/208/13 along with Trumbull who deceitfully changed the mandatory language and

format of the AO/431/11 and conspired and colluded with the affiants, Weinberger and Williams of

subservicer SPS for the master servicer JPMCB by filing multiple fraudulent and perjured affidavits

by the Courts; Thus they conspired to violate fraud on the Court and NY GBL §349 and both law firm's

attorneys also conspired to violate NYJL §487 to obtain a default judgment and furthermore to obtain

order of foreclosure and sale to illegally steal the Izmirligil's residency with forged mortgage

instruments and Court documents where the attorney Scher's clients Baum defendants initiated and

further the attorneys Flickinger's and Trumbull's client subservicer SPS attempts to finalize it with their

deceptive debt collection practices in violation of NY GBL §349 ( and under FDCPA) by conspiring

and colluding with each other. Mcmunn; 191 F. Supp. 2d at 445 ( stating that a fraud on the Court

occurs where a party has acted knowingly in an attempt to hinder... his adversary's defense of the

action").

122. Here, the defendants acted – and still acting in concert, knowingly, persistently and deceitfully

in an attempt to hinder the Izmirligil's claims or defense in the upper and lower State Courts and in

Federal Court by filing "forged assignment", by filing "fraudulent attorney affirmations", by filing "false and fraudulent affidavits" of Deponents, by filing "fraudulent PRAPL 1303" notice, by filing "fraudulent 30 – day default notice" and failure to file a RPAPL 1304 notice with the Upper/Lower Courts and Federal Court.

123. The conspiracy between the current attorneys of ESCM for the subservicer SPS of master servicer JPMCB who retained the Baum attorneys who are currently represented by KDV attorneys to obtain a default judgment against Izmirligil in violation of NY GBL §349 and fraud on the Court and/or in violation of NYJL §487 that applies only to ESCM and KDV defendants.

124. It is beyond dispute that there is an agreement between ESCM attorneys and subservicer SPS and likewise there is an agreement between subservicer SPS and the master servicer JPMCB who retained the Baum attorneys through an agreement and Baum attorneys retained the attorneys of KDV to defend themselves in the upper and lower Courts where there are direct or implied privities between the defendants, and additionally, clearly, and convincingly the defendants intended to further an endeavor which if completed, would satisfy all of the elements of a substantive criminal offense – here, to obtain "final" order of foreclosure and sale and to steal the Izmirligil's home away based on the forged and falsified mortgage instruments and fraudulent mandatory notices and/or Court documents that were fabricated by the defendants and filed by the Courts and Clerk's office – and, it suffices that the defendants adopt the goal of furthering and facilitating the criminal endeavor by multiple "overt acts" committed by each defendant – a member of conspiracy and/or co – conspirator – that is a distinct act connecting the defendants with the combination of the crime's completion that the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself, where as here, the overt acts of the conspirators and co – conspirators comports with "contemporary understanding" of the conspiracy law.

125. Here, it is elementary that the conspirators and/or co – conspirators agreed to facilitate multiple overt acts leading to the substantive offense and further, by agreeing to undertake all of the acts

necessary for the crime's completion where a conspiracy absolutely exists and be punished whether

or not the substantive crime ensues in that absolutely injured Plaintiff Izmirligil economically,

physically and mentally by spending hundreds of thousands of dollars for the attorney's fees, Court

fees, printing and filing costs, photo copying costs, typing costs, PACER fees, Casetext fees, spending

unnecessary time for the forged instrument by going to Courts and mental anguish in addition to the

medical issues.

**The defendant attorneys' filing of a "fraudulent attorney affirmation" by the Court(s) compels the Court(s) to refer them to the Committee on Grievance of the District Court:**

126. The defendant attorney Flickinger and Trumbull of defendant ESCM have filed their "fraudulent

attorney affirmation" by the District Court at least twice, previously, in the Izmirligil's 2017 and 2018

Federal actions to intentionally deceive the District Court and Izmirligil.

127. Further, the defendant attorneys have falsely argued and intentionally misstated that their

"Affidavit of Merit requirements" under AO/431/11 and AO/208/13 and pursuant to CPLR §2106

as set forth above to intentionally deceive the District Court and Izmirligil in the Izmirligil's 2017 and

2018 actions.

128. Furthermore, the defendant attorneys Flickinger's and Trumbull's persistent intentional deceit and

misrepresentations also violated the Professional Conduct of Rules 3.3(a)(1) ( knowingly made false

statements of fact to tribunal); 3.3(a)(3)( knowingly used false evidence); 3.4(a)(5)( participation in the

creation of false evidence); and 8.4(a) ( violation of Rules of Professional Conduct); 8.4(c)( engaged

in conduct prejudicial to the administration of justice); and, 8.4(h) ( engaged in conduct that reflects

adversely on his fitness to practice law).

129. Therefore, Plaintiff Izmirligil respectfully requests this Honorable Court to refer the defendant

attorneys Flickinger and Trumbull to the Committee on Grievance of the District Court (see Luscier v.

Risinger Brothers Transfer, 2015 US Dist. LEXIS 129640(SDNY)(NAO. 13-cv-9553) (PKC)( held that

the sanctions were imposed on Oleg Smolyar and his Law partners for his misconduct consisting of "sham filing of affidavit and attorney affirmation" by the District Court and by the Committee on Grievances of the District Court); <u>Matter of Smolyar</u>, 165 AD 3d 74 (2d Dept. 2018)( held that additional sanctions were imposed on the attorney Oleg Smolyar and his Law partners imposing reciprocal discipline on the attorneys mandated suspensions for their preparation of sham affidavit on behalf of their client and sham attorney affirmations that filed by the District Court, S.D.N.Y)).

## CLAIMS FOR RELIEF
## COUNT – I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.§ 1692, et al.
### ( Against Trumbull, Flickinger and ESCM)

130. Plaintiff repeats, reiterates and realleges the allegations set forth in all prior paragraphs of this complaint as if fully set forth herein at length. This count is plead against the Defendants Trumbull, Flickinger and ESCM.

131. Plaintiff is a consumer as defined by U.S.C §1692 a(3) when he purchased his home in New York by mortgage on June 24,2006.

132. Defendant attorneys of ESCM are debt collectors as defined by 15 U.S.C §1692 a(6) where they persistently attempt to judicially foreclose the Izmirligil's residency in that rendered an attempt to collect a debt or an alleged debt by the FDCPA ( see <u>Cohen v. Rosicki, Rosicki & Assocs.</u>, 897 F. 3d 75,82 (2d Cir. 2018)). The defendant ESCM's attorneys use the mail, e-mail and telephone system in conducting their business and at all times relevant, defendants communicated with Plaintiff by using the mail, e-mail and other instrumentalities to interstate commerce to collect or attempt to collect debt owed or due or asserted to be owed or due another through foreclosure action(s) by the Court.

133.Plaintiff brings FDCPA claims pursuant to 15 U.S.C §§1692; 1692e(2); 1692e(5); 1692e(10); and

1692f(1) against Defendants Trumbull, Flickinger and ESCM in that their primary business, among others, is the prosecution of foreclosure actions in New York ( See <u>Heintz v. Jenkins</u>, 514 US 291, 299 (1995)("[T]he [FDCPA] applies to attorneys who "regularly" engage in consumer – debt – collection activity, even when that activity consists of litigation")).

134. The FDCPA 15 U.S.C §§ 1692 e and 1692 e(2) prohibits "debt collectors from using any false deceptive, or misleading representations or means in connection with the collection of any debt, including, as relevant here, character, amount, or legal status of a debt".

135. The FDCPA, 15 U.S.C §§ 1692 e(5) prohibits "debt collectors threatening to take any action that cannot legally be taken or that is not intended to be taken".

136. The FDCPA, 15 U.S.C § 1692 e(10) prohibits "debt collectors from using of any false representation or deceptive means to collect or attempt to collect any debt to obtain information concerning a consumer".

137. The FDCPA, 15 U.S.C § 1692 f(1) prohibits "debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt". Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) "The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law..."

138. By e- mailing their purported "order of reference and amount due" to the Plaintiff Izmirligil and demanding $1,814,353.74 on April 22, 2020 in the middle of COVID – 19 pandemic in which was an absolute prohibited debt collection act by the Administrative Orders, AO/78/20 and AO/87/20 of Chief Administrative  Judge Lawrence K. Marks and the Executive Orders of Governor Cuomo of New York State, and at the same time, SPS's monthly mortgage statement demanded $2,462,880.84 on April 14, 2020 is materially false and misleading representations of the character, amount or legal

status of the alleged debt in violation of the Section 1692 e(2) and further that the threat to take action -

here, to sign the purported order of reference and amount due by the State Judge and file by the Clerk's

office and/or to serve upon Izmirligil – in violation of the Section 1692 e(5), and furthermore that

violated the Section 1692 e (10) with using multiple false representations and deceptive means to

collect or attempt to collect an alleged debt and/or violated the Section 1692 f(1) with using unfair

unconscionable means to collect or attempt to collect the alleged debt based on the attorneys' fabricated

"fraudulent attorney affirmation" in violation of Administrative Orders, AO/431/11, AO/208/13,

AO/356/17 and in violation of CPLR §2106; based on a "forged assignment" fabricated by the previous

attorneys of Baum defendants; based on the "fraudulent  RPAPL §1303 notice"; based on the

"fraudulent 30 - days Default notice" and  a " fraudulent default date in payment" and even without a

RPAPL § 1304 notice, the defendant attorneys Flickinger and Trumbull and their Law firm of ESCM

knowingly and persistently violated FDCPA.

139. The defendant ESCM's attorneys' representations in the amount of $7,443.00 as "other charges

and fees" or "Recoverable Balance" on the face of the purported order of reference and amount due is

also false, confusing and material that additionally violated Sections 1692e, e(2), e(10) and f(1), based

on the "false affidavit" of the deponent Weinberger of defendant SPS.

140. As a result of the defendant attorneys' and ESCM's violations of the FDCPA, Plaintiff Izmirligil

seeks actual and statutory damages, in addition to the attorney's fees, court fees, and reasonable

expenses, printing costs, PACER fee, Casetext fee, mailing fees, etc.

## COUNT – II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §1692, et al ( Against SPS)

141. Plaintiff repeats, reiterates and realleges the allegations set fourth in all prior paragraphs of this

complaint as if fully set forth herein at length. This Count is plead against the Defendants SPS.

142.Plaintiff Izmirligil is a consumer as defined by 15 U.S.C §1692 a(3) where he purchased his

home in New York by mortgage on June 24,2006.

143.Defendant SPS is a servicer and debt collector as defined by 15 U.S.C §1692 a (6) where SPS

uses the mail and telephone system in conducting business and at all times relevant, Defendant SPS

communicated with Plaintiff Izmirligil by using mail and other instrumentalities of interstate commerce

to collect or attempt to collect debts owed or due or asserted to be owed or due another.

145.Defendant SPS is colloquially referred to as "Default Servicer" and it has a Debt Collection

Agency License No: 1170514 in New York City.

146. Defendant SPS had been attempting to collect the Plaintiff's residential mortgage loan, as servicer

that entered into for personal, family of household purposes, namely housing, where Izmirligil's loan

was "allegedly" in default when SPS first became involved  with on November 1,2013, and the

foreclosure action had been filed with respect to the loan on December 2009 that the loan had been

accelerated.

147. Defendant SPS sent Izmirligil monthly mortgage statements that the statements were printed

on computer generated  forms, filled out by a computer. A copy of three  consecutive monthly mortgage

statements dated February 23,2020, March 13,2020 and April 14, 2020 are annexed as **Exhibit – 30** .

148.Plaintiff brings his FDCPA claims pursuant to 15 U.S.C §§1692 e; 1692 e(2); 1692 e(5); 1692

e(10); and 1692 f(1) against Defendants SPS which is a debt collector and strictly liable for violations

of FDCPA. ( see Gold v. Shapiro, Dicaro &Barak, LLC., No: 18-cv-6787 (PKC) (SJB), 2019

WL 4752093 at 3 (EDNY. Sept. 30, 2019)).

149.Defendant SPS's FDCPA violations stem from its false demands for an alleged debt in the amount

of $2,462,880.84 on its April 22,2020 monthly mortgage statement(s) where its attorneys ESCM

demanded for the same alleged debt in the amount of $1,814,353.74 based on its deponent Diane

Weinberger's sworn affidavit, and also demanded for the same alleged debt in the amount of

$1,664,523.36 based on its other deponent Kajay Williams's sworn affidavit where both deponents'

both affidavits were annexed to the SPS's purported order of reference and amount due dated April 22,

2020, previously in that e-mailed to Plaintiff Izmirligil by its attorneys of ESCM on April 22,2020 in

the middle of COVID – 19 pandemic. While the affiant Kajay Williams' sworn affidavit had been

already rejected by the Appellate Division's two(2) November 30, 2016 Orders in the 2009 foreclosure

action along with its "first" order of reference and amount due that was signed by the previous Judge

Whelan; Additionally, both affiants of SPS, Diane Weinberger and Kajay Williams were subject to the

Court actions for their false and fraudulent affidavits under oath and filing by the Courts ( see <u>Stone v.</u>

<u>SPS, Inc and Diane Weinberger, et al.</u>, 2011 WL 368838,at 9(N.D.ILL.Aug.18,2011); <u>US Bank, NA v.</u>

<u>Pautemis</u>, 2015 PA Super. 129, 118 AD 3d 386, 400 -401 [PA, Sup.Ct. 2015]) where the evidence in

which was identical fraudulent affidavit of merit of the same affiant Williams in the Izmirligil's case

was excluded as "hearsay" as per the admission of the same affiant Williams who has conceded that

"He has no clue about the previous servicer JPMCB's accounting and servicing records" in which

same JPMCB is the same master servicer in the Izmirligil's 2009 State action and the Pennsylvania

case was dismissed by the Appellate Court.

150.Also, Defendant SPS was <u>permanently</u> restrained from violating FDCPA in an action brought by

DOJ, FTC and HUD, previously ( see <u>United States v. SPS, Inc.</u>, No: 03-12219-DPW,2007 U.S Dist.

LEXIS 104230, at 26-27 ( D.Mass. Sept. 4, 2007)).

151.Defendant SPS's FDCPA violations also stem from its deceptive and misleading charges in the

amount of $7,443.00 on its monthly mortgage statements dated April 14,2020 dated March 13,2020

and dated February 13,2020 as entitled " other charges and fees"; However, the exact same amount

was reflected on the affiant Diane Weinberger's affidavit as entitled "Recoverable Balance", was in the

amount of $6,020.33 on the face of the deponent Williams' sworn affidavit in that were materially

confusing, deceptive and it could mislead a debtor as to the nature and legal status of the underlying

alleged debt.

152.Section 1692 e of the FDCPA prescribes " false, deceptive or misleading" representations in

connection with the collection of any debt, where as here, among the enumerated violations of

Section 1692 e(2), (5) and (10) are:

> " (2) The false representations of -(A) the character, amount, or legal status of any debt,..
> (5) The threat to take any action that cannot legally be taken or that is not intended to be
> taken... (10) The use of any false representation or deceptive means to collect or attempt
> to collect any debt of to obtain information concerning a consumer...

153.Section 1692 f of FDCPA further makes illegal any "unfair or unconscionable means" to collect

a debt, including, the "collection of any amount...unless the amount is expressly authorized by the

agreement creating the debt or permitted by law..." While, a single violation of §1692 e or §1692 f is

sufficient to civil liability under the FDCPA; the Defendant subservicer SPS's multiple violations of

sections of the FDCPA, 15 U.S.C §§1692 e(2), (5), (10) and 1692 f(1), included but not limited to,the

following:

> . Defendant SPS is not a party to the 2009 State action and using unfair and unconscionable means
> to collect or attempt to collect  by mailing multiple false, confusing, deceptive and misleading
> monthly mortgage statements or e-mailing a false, confusing, deceptive and misleading purported
> order of reference and amount due sent directly to the Plaintiff Izmirligil;

> . Defendant SPS is not a party to the 2009 State action and using false, deceptive or misleading
> representations or means in connection with collection of an alleged debt based on a "forged
> assignment" fabricated and filed with the Court and Clerk's office by the attorneys of Baum law
> firm as per the Appellate Division's February 13,2020 Order, through its monthly mortgage
> statements and through its recent purported order of reference and amount due sent directly to
> Izmirligil;

> . Defendant SPS is not a party to the 2009 action and using false, deceptive, or misleading
> representations or means in connection with collection of an alleged debt based on a "fraudulent
> RPAPL §1303 notice" fabricated by the attorneys of Baum law firm; based on a "fraudulent
> 30 -day Default Notice" and a "fraudulent  Default date in payment" fabricated by the sponsor
> CHF of which was not even party to the 2009 action, through its monthly mortgage statements
> that falsely and misleadingly stated that "SPS has complied with the notice requirements of the

foreclosure action" on its face and through its recent purported order of reference and amount due sent directly to the Plaintiff Izmirligil where, actually, the SPS's record lacked the "RPAPL §1304 notice" contrary to its false, deceptive and misleading representations;

. Defendant SPS is not a party to the 2009 action and falsely misrepresenting the character, amount or legal status of an alleged debt by charging false and misleading, monthly mortgage amounts conflicted with its purported order of reference and amount due on the documents' face and both are contained unincurred illegal charges based on the SPS's own servicing and accounting records dated August 9,2019 and submitted to the Plaintiff Izmirligil as per the Discovery compliance of SPS; In specific, SPS charged the unlawful attorney's fees for the law firm of Parsons Behle & Latimus, P. C twenty seven (27) times where the law firm was not even an attorney on the record for any related Izmirligil's case and that the exact amount was reduced intentionally, and deceitfully to mislead Izmirligil in addition to the Diane Weinberger's travel expenses in which the two(2) Orders of Apellate Division dated November 30,2016 were in favor of Izmirligil against SPS that could not be and still cannot be charged against Izmirligil where the disputed charges totaling $100.000;

. Defendant SPS is not a party to the 2009 action and threatening to take and actually taking action prohibited by law and Administrative Orders, AO/78/20, AO/87/20 of Chief Judge Lawrence K. Marks and the multiple Executive Orders of Governor Cuomo during COVID - 19 pandemic by deceitfully and misleadingly e- mailing its purported order of reference and amount due in addition to its serving the State Judge's Order upon Izmirligil without entering it with the Clerk's office in that were absolute prohibited acts during COVID – 19 pandemic.

154. As a result of the subservicer SPS's violations of FDCPA, Plaintiff Izmirligil seeks  actual and statutory damages, in addition to the payment of Court fees, attorney fee, printing costs, reasonable mailing fees, PACER fees Casetext fees, etc.

## COUNT – III

### VIOLATIONS OF THE FRAUD ON THE COURT STATUTE, RULE 60(b) OF FRCP.
### ( Against Trumbull, Flickinger, ESCM, Scher, KDV and SPS)

155. Plaintiff  repeats, reiterates and realleges the allegations set forth in all prior paragraphs of this complaint as if fully set forth herein length .This count is plead against the Defendants Trumbull, Flickinger, ESCM, Scher, KDV and SPS.

156. " The essence of fraud on the Court is when a party lies to the Court and his adversary intentionally, repeatedly, and about issues that are central to the truth – finding process". Passlogix, Inc v. 2 FA Tech, LLC., 708 F. Supp. 2D 378, 393 ( S.D.N.Y 2010).

157. It also well settled law that "A fraud on the Court may occur [w]hen an attorney misrepresents or omits material facts to the Court, or acts on a client's perjury or distortion of evidence to obtain a default judgment" ( see <u>E. Fin. Corp. v. JSC Alchevsky Iron & Steel Works</u>., 258 F.R.D 76, 85 (SDNY. 2008)).  That is exactly what happened here: Defendant SPS and its counsels Trumbull and Flickinger of the law firm of ESCM along with attorney Scher of the law firm of KDV for their clients attorneys of the de – funct law firm of Steven J. Baum, P.C made repeated false and misleading statements to Plaintiff Izmirligil and the Upper/ Lower Courts and the Federal Court where the defendant Scher's clients Baum defendants fabricated a "<u>forged November 13, 2009 assignment of Note and Mortgage</u>" and filed by the Courts and Clerk's office colluding with others based on the Appellate Division's recent February 13,2020 Order, and where the defendants Trumbull and Flickinger of ESCM fabricated a "<u>Fraudulent Attorney Affirmation</u>" in violation of Administrative Orders AO/431/11, AO/208/13. AO/356/17 and CPLR §2106 and in violation of the Appellate Divisions two(2)  November 30, 2016 Orders in the Izmirligil's case, commanded and directed that Bank of NY Mellon and its attorneys <u>shall</u> comply with AO/431/11, <u>Not</u> CPLR §3012 – b, and where the Defendant SPS's two affiants  Diane Weinberger and Kajay Williams who are both the Document Control Officers of SPS fabricated their "<u>Fraudulent Affidavit of Merit</u>" and filed by the Courts intentionally deceitfully and persistently to deceive the State Courts and Federal Court; Thus, the Defendants' persistent and intentional misconducts amount to a multiple fraud on the Courts and Izmirligil and requires meaningful sanctions.

158. These misconducts outlined above are sanctionable by the Court(s) where, as here, Plaintiff Izmirligil has established by " clear and convincing evidences that the parties have repeatedly and intentionally lied about issues that are central to the truth – finding process. ( see <u>Shah v. Eclipsys Corp</u>., No: 08-cv-2528, 2010 WL 2710618, at 14 (EDNY. 2010)).

159. While discovery and further inquiry will be necessary to ascertain the extent of the individual

Defendants' persistent, intentional and knowingly misconducts to deceive the Courts and Izmirligil;

The record establishes multiple instances of intentional misconducts by the Defendants attorneys and

by Defendant SPS, including, but not limited to the following instances of fabrication of evidences by

the Defendant attorneys and by the Defendant SPS's deponents and/or by the Defendants Scher and

his law firm KDV's clients attorneys of Steven J. Baum, P.C, in addition to the Defendants' false and

misleading statements and/or misconducts by the Defendants and those acting on their behalf, all which

are warranted severe sanctions under the inherent powers of the Court and there is ample evidence of

sanctionable misconduct where the Defendants (a) knowingly, intentionally, persistently, deceitfully

and improperly influenced the trier; (b) knowingly, intentionally, persistently, deceitfully and unfairly

hampered the presentation of the Izmirligil's claim or defense; (c) knowingly, intentionally, persistently,

deceitfully lied to the Court and their adversary, here, Izmirligil, repeatedly, and about issues that are

central to the truth – finding process; and, (d) knowingly, intentionally, persistently, deceitfully and

repeatedly submitted fraudulent documents to the Court(s).

The existence of the evidence clearly and convincingly demonstrating the Defendants attorneys

Flickinger, Trumbull and ESCM perpetuated prolonged, persistent and ongoing fraud on the Court

where the sanctions included, among others, but not limited to the dispositive sanctions are appropriate

because the frauds were central to the substantive issues in the case in that the fraudulent attorney

affirmations occurred as a product of intentional  bad faith ; they were an attempt to prejudice

Izmirligil; they were not corrected by the Defendants and there is a pattern of persistent misbehavior,

and further, their misconducts are likely to continue in the future due to the ongoing multiple

litigations,between Izmirligil and the Defendants, and/or in the other unrelated, but similarly situated

cases, as follow:

(a) that the Defendants fabricated a "fraudulent attorney affirmation" under AO/431/11 and pursuant

to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 (DOC#73, Case No:17-cv-6157(PKC)(LB)) with knowledge that the document was "fraudulent", because the Defendants had changed its mandatory format and language intentionally and deceitfully in violation of Administrative Order AO/431/11,and in violation of the two(2) November 30,2016 Orders of Appellate Division, and violation of 28 U.S.C §17346 to deceive the Court(s);

(b)that the Defendants fabricated a "fraudulent attorney affirmation" under AO/208/13 and pursuant to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 (DOC# 73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that documents were "fraudulent", because the Defendants had changed it mandatory language and format intentionally and deceitfully to deceive the Court(s) in violation of Administrative Order AO/208/13 and in violation of the two(2) November 30, 2016 Orders of Appellate Division, and violation of 28 U.S.C §1746;

(c)that the Defendants fabricated a "fraudulent attorney affirmation"under Administrative Orders AO/431/11, AO/208/13 and AO/356/17 pursuant to CPLR §2106 and filed by the District Court, EDNY on December 13,2019 (DOC# 73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that the "November 13,2009 assignment" was forged by the Baum defendants colluded with others based on the February 13,2020 Order of Appellate Division, and because its validity could not be verified by the Defendants in violation of AO/431/11, AO/208/13, AO/356/17, CPLR §2106 and violation of 28 U.S.C §1746 to deceive the Court(s), intentionally and persistently;

(d)that the Defendants fabricated a "fraudulent attorney affirmation" under Administrative Orders AO/431/11, AO/208/13 and AO/356/17 pursuant to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 (DOC# 73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that the documents were "fraudulent", because the Defendants failed to comply with the RPAPL 1303 notice requirement of which was fatally defective and fabricated by the Baum attorneys and further that they filed a "fraudulent affidavit of service" with the Clerk's Office in violation of RPAPL §1303, in violation of AO/431/11, AO/208/13/AO/356/17,CPLR §2106 and in violation of 28 U.S.C §1746 to deceive the Court(s) intentionally and persistently;

(e)that the Defendants fabricated a "fraudulent attorney affirmation" under Administrative Orders AO/431/11, AO/208/13 and AO/356/17 pursuant to CPLR §2106 and filed with the District Court EDNY, on December 13,2019 (DOC# 73, Case No: 17-cv-6157 (PKC)(LB)) with knowledge that the documents were "fraudulent" because the Defendants failed to comply with the RPAPL§1304 notice requirement of which the record lacked a 1304 notice of RPAPL, in violation of RPAPL §1304, in violation of Administrative Orders, AO/431/11, AO/208/13, AO/356/17, CPLR §2106 and in violation of 28 U.S.C 1746 to further deceive the Court(s), intentionally and persistently;

(f)that the Defendants fabricated a "fraudulent attorney affirmation" under Administrative Orders AO/431/11, AO/208/13,/AO/356/17 pursuant to CPLR §2106 and filed by the District Court, EDNY on December 13,2019 ( DOC# 73, Case No: 17-cv-6157 (PKC)(LB)) with knowledge that the documents were "fraudulent" because the defendants failed to comply with the "30-day Default Notice" under agreement based on their fabricated "fraudulent date of default in payment" by Izmirligil in violation of Administrative Orders AO/431/11, AO/208/13, AO/356/17, CPLR §2106 and in violation of 28 U.S.C §1746 to further deceive the Court(s), intentionally and persistently;

(g)that the Defendants fabricated "fraudulent attorney affirmation" under Administrative Orders

AO/431/11, AO/208/13, AO/356/17, pursuant to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 (DOC # 73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that the documents were "fraudulent", and because, the Defendants could not – and cannot obtain a " default judgment" based on the Izmirligil's "two(2) letters" and his "Verified Answer" served upon the Baum attorneys that were never rejected by the Baum attorneys and clearly constituted a timely answer by Izmirligil in violation of Administrative Orders AO/431/11, /AO/208/13, AO/356/17, CPLR §2106 and in violation of 28 U.S.C §1746 to further deceive the Court(s), intentionally and persistently;

(h) that the defendants lied intentionally, deceitfully and persistently concerning their former colleague David V. Mignardi who was substituted by current attorney Flickinger in that, "the attorney David V. Mignardi was never an employee of the Baum law firm"; However, attorney Mignardi was employed by the Baum law firm on or around 2011 as per New York State Unified Court System's record in the case styled Citi Mortgage, Inc v. Willhide, Penny, Index No: 232292/2010, ( Sup. Ct. Rensselaer Co.), as clearly demonstrated the name of the attorney David V. Mignardi was under the law firm of Steven J. Baum, P.C, where the Defendants perjured themselves under oath by filing false affirmations with the Appellate Division of Second Department on May 19,2020 to further deceive the Court(s);

(i) that the Defendants lied intentionally, deceitfully and persistently, concerning their former colleague David V. Mignardi and the law firm of Eckert Seamans in that "Our office never filed a ' forged affidavit of service' with the Court"; However, the attorney Mignardi, the Notary Public Magdalena Fernandez and Detra Dougles had filed a "forged affidavit of service" with the State Court on June 10, 2016 in the 2015 action where the same purported document reflected  on its face, as to the Deponent Detra Dougles of Eckert Seamans sworn, signed and deposed under oath serving the " Notice of Rejection" upon parties on June 10,2016 including Plaintiff Izmirligil; However, the date of the notarization was May 24, 2016 within which sixteen(16) days before the serving date, signed and dated, and notarized by the Notary Public Magdalena Fernandez of the same law firm Eckert Seamans, and further filed with State Court by the attorney David .V Mignardi of the law firm of Eckert Seamans ( NYSCEF DOC No: 307) to further deceive the Court(s). The criminal file bearing the File No: 2016 – 1255 of the State Department of New York State is still open and pending the final decision of the Court and the Defendants perjured themselves under oath by filing false affirmations with the Appellate Division Second Department on May 19, 2020 that warranted severe sanctions against  Defendants by this Court.( see Margo v. Weiss , No: 96-cv-3842(MBM), 1198 WL 765185, at 3(SDNY. Nov. 3,1998), aff'd, 2013 F.3d 55 ( 2d. Cir. 2000)( sanctions warranted when "parties and lawyers make false statements to their adversaries"))

161. The existence of evidence clearly and convincingly demonstrating the Defendants attorneys

Scher and his law firm KDV perpetrated, persistent, and ongoing fraud on the Court during Appellate

proceeding and before where the sanctions are appropriate because the frauds were central to the

substantive issues in the case in that the fraudulent attorney affirmations occurred as a product of

intentional bad faith; they were an attempt  to prejudice Izmirligil; they were not corrected by the

Defendants attorney Scher and his law firm KDV, and there is a pattern of persistent misbehavior; and

further, their misconducts are likely to continue in the future due to the ongoing multiple litigations,

between Izmirligil and the Defendants and/or in the other unrelated but similarly situated cases where,

as here. "[W]hen a party lies to the Court and his adversary intentionally, repeatedly, and about the

issues that are central to the truth – finding process, it can fairly be said that he has forfeited his right

to have his claim decided on the merits"( see <u>Scholastic, Inc v. Stouffer</u>, 221 F.Supp.2d 425, 444

( SDNY. 2002)),as follows:

(a) that the Defendants perpetrated prolonged, persistent and ongoing fraud on the Court during Appellate proceeding and before by persistently, deceitfully and knowingly lying about their clients  Baum defendants' fabrication of the "<u>forged November 13,2009 assignment</u>" colluding with others and filing with the Courts that also rendered fraud on the Court and on Izmirligil based on the Appellate Division's February 13,2020 0rder and based on the Appellate Argument dated 09/19/2019 where the Panel Judges Hon. Rivera and Hon. Schneikman had strongly cautioned attorney Scher by directing that "...stop flying with the magic carpet... stop fudging it... stop circling around... once a crook, always a crook, and again a crook... you will be facing with the  consequences"; However, the Defendants refiled their exact same Opposition Brief to reargue with the Second Department on May 4,2020 and again, deceitfully and knowingly lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth - finding process in that rendered fraud on the Court and Izmirligil committed by the Defendants attorney Scher and KDV;

( b) that the Defendants perpetrated prolonged, persistent and ongoing fraud on the Court during Appellate proceeding and before, by intentionally, deceitfully and knowingly lying about their clients Baum defendants' fabrication of a "<u>false RPAPL §1303 notice</u>" that was filed by the Clerk's Office "only" and <u>never</u> served upon Izmirligil and further, Defendants refiled  their same Opposition Brief to reargue with the Second Department on May 4, 2020 and again, deceitfully and knowingly lied about the substantive and central issues of the case that went directly to the heart of the Court's truth – finding process in that rendered fraud on the Court and Izmirligil committed by the Defendants attorney Scher and KDV;

(c) that the Defendants perpetrated prolonged, persistent and ongoing fraud on the Court during Appellate proceeding and before, by intentionally, deceitfully and knowingly lying about their clients Baum defendants' retaining of the Izmirligil's two(2) letters and his "Verified Answer" without rejection with the "Notice of Rejection" that constituted a timely answer by Izmirligil where the other defendants attorneys of ESCM for SPS Inc. attempted to obtain a default judgment against Izmirligil and again, deceitfully and intentionally lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in that rendered fraud on the Court and Izmirligil committed by the Defendants attorney Scher and KDV;

(d) that the Defendants perpetrated prolonged, persistent and ongoing fraud on the Court during Appellate proceeding and before by intentionally, deceitfully and knowingly lying about their clients Baum defendants failure to comply with RPAPL §1304 notice requirements where the record lacked a 1304 notice of RPAPL and again the Defendants deceitfully and intentionally lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in that rendered fraud on the Court and Izmirligil committed by the Defendants attorney Scher and KDV;

(e) While, the Defendant Scher of KDV has served his first Notice of Motion to Reargue/Leave to Appeal to the Court of Appeals during COVID – 19 pandemic where he could not file his motion by the Second Department on March 22, 2020 when the Courts were shutdown due to COVID -19 pandemic as he admitted the same in his affirmation at paragraph 5 and 7, under oath; However, attorney Scher of KDV, persistently, intentionally and deceitfully misstated the facts of the case by calling Plaintiff Izmirligil a "LIAR" to further deceive the Court that also constituted fraud on the Court and Izmirligil.

162. The existence of the evidence clearly and convincingly demonstrating the Defendant SPS's perpetrated prolonged, persistent and ongoing, fraud on the Court where sanctions included among others, but not limited to the dispositive sanctions are appropriate because the frauds were central to the substantive issues in the case in that the fraudulent attorney affirmation based on the fraudulent affidaivits of Diane Weinberger and Kajay Williams of the deponents of SPS, occurred as a product of intentional bad faith; they were an attempt to prejudice Izmirligil; they were not corrected by the Defendant SPS and there is a pattern of persistent misbehavior; and further that their misconducts are likely to continue in the future due to the ongoing multiple litigations, between Izmirligil and the Defendants, and/or in the other unrelated, but similarly situated cases, as follows:

(a) that the Defendants fabricated a "fraudulent affidavit" colluding with the attorneys of ESCM who fabricated a "fraudulent attorney affirmation" under Administrative Orders AO/431/11, AO/208/13, and pursuant to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 (DOC# 73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that their affidavit(s) were " fraudulent" because the Defendants have failed to explain  that how could they have verified the validity of a "forged November 13,2009 assignment" in that was fabricated by the Baum attorneys on the Court record based on the February 13,2020 Order of Appellate Division where the deponents Weinberger and Williams of SPS persistently, intentionally and deceitfully lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in which constituted fraud on the Court and Izmirligil committed by the Defendants SPS and further warranted severe sanctions against Defendant by this Court;

(b) that the Defendants fabricated a "fraudulent affidavit" colluding with the attorneys of ESCM

who fabricated a "fraudulent attorney affirmation" under Administrative Orders AO/431/11, AO/208/13, and pursuant to CPLR§2106 and filed with the District Court, EDNY on December 13,2019 (DOC#73, Case No: 17-cv-6157(PKC)(LB)) with knowledge that their affidavit(s) were "fraudulent", because the Defendant(s) have failed to explain that how could they have verified the validity of a "fraudulent  RPAPL §1303 notice" of which was fatally defective on its face that was also fabricated by the Baum attorneys, on the Clerk's Office record and that was never served upon Izmirligil as the Deponent Weinberger has candidly admitted that she was <u>unable</u> to verify the validity of the "<u>affidavit of service</u>" in regard to the RPAPL §1303 notice where deponents Weinberger and Williams of SPS persistently, intentionally and deceitfully lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in which rendered fraud on the Court and Izmirligil perpetrated by the Defendant SPS and further warranted severe sanctions against Defendant by this Court:

(c) that the Defendants fabricated a "<u>fraudulent affidavit</u>: colluding with the attorneys of ESCM who fabricated a "<u>fraudulent attorney affirmation</u>" under Administrative Orders AO/431/11, AO/208/11 and pursuant to CPLR§2106 and filed with the District Court, EDNY and filed with the District Court, EDNY on December 13,2019 ( DOC # 73, Case No: 17-cv-6157 (PKC)(LB)) with knowledge that their affidavit(s) were "fraudulent", because the Defendant(s) have failed to explain that how could they have verified the validity of RPAPL §1304 notice (" 90 – days pre foreclosure notice") that does not even exist on the Court record where the subject mortgage loan was originated as a "<u>Non – traditional loan</u>" or "<u>Interest payment only loan</u>" by the loan originator JPMCB and that the statute of RPAPL §1304 applied to the Izmirligil's subject loan where the deponents Weinberger and Williams of SPS persistently, intentionally and deceitfully lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in which constituted fraud on the Court and Izmirligil perpetuated by the deponents of the SPS and further warranted severe sanctions against Defendant by this Court;

(d) that the Defendants fabricated a "<u>fraudulent affidavit</u>" colluding with the attorneys of ESCM who fabricated a "<u>fraudulent attorney affirmation</u>" under Administrative Orders AO/431/11, AO/208/13 and pursuant to CPLR §2106 and filed with the District Court, EDNY on December 13,2019 ( DOC# 73, Case No: 17-cv-6157(PKC)(LB))with knowledge that their affidavit(s) were "fraudulent" because the Defendant(s) have failed to explain that how could they have verified the validity of a "<u>fraudulent 30 -day Default Notice</u>" fabricated by a third party Chase Home Finance, LLC who had no legal power to fabricate such a "<u>fraudulent 30 -day Default Notice</u>" under mortgage and note agreement based on  a fabricated "<u>fraudulent date of default</u>" in payment on April 1, 2009 when its payment history record demonstrated a surplus in the amount of $11,152.64. and/or July 21,2009 when its payment history records reflected a surplus amount of $1,646.30 <u>even</u> after the property tax and property Hazard Insurance were paid in the amount of $ 19,519.16 when the Defendants demanded three(3) consecutive payments in the amount of $33,117.38 and further declared Izmirligil to be defaulted in payment based on their "<u>fraudulent 30 – day Default Notice</u>" where deponents Weinberger and Williams of SPS persistently, intentionally and deceitfully lied about the substantive and central issues of the case and that went directly to the heart of the Court's truth – finding process in which rendered fraud in the Court and on Izmirligil perpetuated by the Defendant SPS and Further warranted severe sanctions against Defendant by this Court.

# COUNT – IV

## VIOLATION OF THE NEW YORK JUDICIARY LAW SECTION 487, NYJL§487
### ( Against Defendant Trumbull )

163. Plaintiff repeats, reiterates and realleges the allegations set fourth in and all prior paragraphs of this complaint as if fully set forth herein at length. This count is plead against the Defendant attorney Trumbull.

164. Defendant Trumbull engaged in fraudulent, persistent, intentional and deceitful conduct in regard to his "fraudulent attorney affirmation" dated February 2, 2017 and filed with the District Court EDNY on December 13, 2019 with the intention to deceive the Court(s) and Plaintiff Izmirligil herein. ( DOC# 73, Case No: 17-cv-6157(PKC)(LB)).

165. In particular, Defendant Trumbull in collusion with Defendant Flickinger, the law firm of ESCM his client the Defendant SPS, fabricated a "fraudulent attorney affirmation" and deceived the State and Federal Courts by filing a "fraudulent attorney affirmation" with the Courts in violation of AO/431/11, CPLR §2106, 28 U.S.C §1746 and in violation of the Appellate Division's two(2) November 30,2016 Orders and February 13,2020 Order to obtain an Order of reference and amount due and further to obtain a default judgment against Izmirligil.

166. The Section 487 of New York Judiciary Law ("NYJL§487") states in its interim that "An attorney or Counselor who"(1) is guilty of any deceit or collusion, or consent to any deceit or collusion, with intent to deceive the Court or any party; or, (2) willfully delays his client's suit with a view to his own gain; or, willfully received any money or allowance for, or on account of any money which he has laid out, or becomes answerable for, is guilty of a misdemeanor, and addition to the punishment prescribed therefor by the penal law he forfeits to the party injured treble damages, to be recovered in a civil action".

167. As set forth at length above, Defendant attorney Trumbull has engaged in intentional deceit to

deceive the Court's, both State and Federal, by falsification, concealment, cheating and lying, during the course of a pending judicial proceedings in the District Court, EDNY and in the State Court.

168. The defendant's intentional deceit was – and still is extreme and egregious, and further chronic, persistent that demonstrated its extreme pattern of legal delinquency that did not fall within the zealous representation by an average attorney where the Appellate Division has already upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against the Baum attorneys who were substituted by the law firm of Eckert Seamans in which employed the Defendants Trumbull and Flickinger who has followed the foot – steps of Baum attorneys based on the clear and convincing Court records.

169. Plaintiff Izmirligil has been damaged by the Defendant Trumbull's intentional, persistent and deceitful conducts as set fourth above, by which proximity caused and forced Plaintiff Izmirligil to expend, additionally, in excess of $350.000.00 in legal fees and costs to defend himself against the Defendant's conducts and expects to expand more than $200.000.00 to further litigate the case(s) where the Defendant Trumbull's intentional deceit is part of a "larger fraudulent scheme" as per the Appellate Division's recent February 13,2020 Order in favor of Plaintiff Izmirligil in that was upheld the Izmirligil's four(4) NYJL §487 claims against Baum attorneys for their "identical violations" of NYJL §487, e.g. fabrication of a forged assignment, fabrication of false and fraudulent RPAPL§1303 notice and filing by the Clerk's Office and the Courts, etc. in the 2015 State action where the Defendants' fraudulent scheme extended beyond the prior lawsuits.

170. By reason of the foregoing, this Court should issue declaration finding that the Defendant Trumbull's conduct violated NYJL §487, and enter a judgment against Defendant Trumbull in the amount of $3.000.000.00 which represents the Plaintiff's damages, total costs and expenses, trebled that was proximately caused by the Defendant's intentional, persistent and deceitful conducts to deceive the Federal and State Courts in that will be deterrent and be served as punishment for the

Defendant attorney Trumbull.

# COUNT – V

## VIOLATION OF THE NEW YORK JUDICIARY LAW SECTION 487, NYJL §487
### (Against Defendant Flickinger )

171.  Plaintiff repeats, reiterates and realleges the allegations set forth in all prior paragraphs of this

complaint as if fully set forth herein at length.This count is plead against Defendant Flickinger.

172. Defendant Flickinger engaged in fraudulent, persistent, intentional and deceitful conduct in

regard to the "fraudulent attorney affirmation" of his colleague Defendant attorney Trumbull in

violation of Administrator Orders, AO/431/11 and AO/208/13 and pursuant to CPLR §2106 and

28 U.S.C §1748 by filing his "fraudulent attorney affirmation" dated December 13,2019 with the

District Court, EDNY( DOC#73, Case No: 17-cv-6157(PKC)(LB)), and with the State Court with

intention to deceive the Courts and Plaintiff Izmirligil herein.

173. The Section 487 of New York Judiciary Law ( "NYJL §487") states in its interim that "An

Attorney or Counselor who:(1) is guilty of any deceit or collusion, or consents to any deceit or

collusion, with intent to deceive the Court or any party: or, (2) willfully delays his client's suit with

a view to his own gain; or, willfully receives any money or allowance for, or an account of any money

which he has not laid out, or  becomes answerable for, is guilty of a misdemeanor, and in addition to

the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to

be recovered in a civil action".

174. As set forth at length above, Defendant attorney Flickinger has engaged in intentional deceit to

deceive the Courts, both State and Federal Courts, by falsification, concealment, cheating and lying,

during the Course of a pending judicial proceedings in the District Court, EDNY and in the State Court.

175.The Defendant Flickinger's intentional deceit was – and still is extreme and egregious, and further

chronic, persistent that demonstrated its extreme pattern of legal delinquency that did not fall within

the zealous representation by an average attorney where the Appellate Division has already upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against the Baum attorneys who were substituted by the law firm of Eckert Seamans in which employed the Defendant Flickinger and Trumbull who has followed the foot – steps of Baum attorneys based on the clear and convincing records.

176. Plaintiff Izmirligil has been damaged by the Defendant Flickinger's intentional, persistent and deceitful conducts as set forth above, by which proximately caused and forced Plaintiff Izmirligil to expand, additionally, in excess of $350.000.00 in legal fees and costs to defend himself against the Defendant's conduct and expects to expand more than $200.000.00 to further litigate the case(s) where the Defendant Flickinger's intentional deceit is part of a "larger fraudulent scheme" as per the Appellate Division's recent February 13,2020 Order in favor of Plaintiff Izmirligil in that was upheld the Izmirligil's four(4) NYJL §487 claims against Baum attorneys for their "identical violations" of NYJL §487, e.g. fabrication of forged assignment, fabrication of false and fraudulent RPAPL § 1303 notice and filing by the Clerk's Office and the Courts, etc. in the 2015 State action where the Defendants' fraudulent scheme extended beyond the prior lawsuit.

177. By reason of the foregoing, this Court should issue declaration finding that the Defendant Flickinger's conduct violated NYJL §487, and enter a judgment against the Defendant Flickinger in the amount of $3.000.000.00 which represents the Plaintiff's damages, total costs and expenses, trebled that was proximately caused by the Defendant's intentional, persistent and deceitful conducts to deceive the Federal and State Courts in that will be deterrent and be served as a punishment for the Defendant attorney Flickinger.

## COUNT – VI

## VIOLATION OF THE NEW YORK JUDICIARY LAW SECTION 487, NYJL § 487
( Against the Defendant Law firm ESCM )

178. Plaintiff repeats, reiterates and realleges the allegations set forth in and all prior paragraphs of this complaint as if fully set forth herein at length. This count is plead against the  law firm ESCM.

179.The defendant law firm of ESCM engaged in fraudulent, persistent, intentional and deceitful conduct in connection with their attorneys' fabrication of fraudulent attorney affirmations and further filing with the State and Federal Courts in violation of Administrative Orders, AO/431/11, AO/208/13, AO/356/17, CPLR §2106 and 28 U.S.C §1746 to deceive the State and Federal Courts.

180. In particular, the Defendant ESCM through their Defendants attorneys Trumbull and Flickinger in collusion with the Defendants SPS, fabricated multiple " fraudulent attorney affirmations" and filed by the Courts to further deceive them and further in violation of Appellate Division's two(2) November 30,2016 Orders and February 13,2020 Order to obtain an order of reference and amount due and further to obtain a default judgment against Izmirligil.

181. The Section 487 of New York Judiciary Law ("NYJL§487") states in its interim that "an attorney of counselor who: (1) is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court or any party; or, (2) willfully delays his client's suit with a view to his own gain; or, willfully receives money or allowance for, or on account of any money which he has not laid our, or becomes answerable for, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injures treble damages, to be recovered in a civil action,"

182. As set forth at length above, Defendant law firm of ESCM, through its attorneys has engaged in intentional deceit to deceive the Courts, both State and Federal Courts, by falsification, concealment, cheating and lying, during the course of pending judicial proceedings in the District Court, EDNY and in the State Court.

183.The Defendant law firm of ESCM's intentional deceit was- and still is extreme and egregious and further chronic, persistent that demonstrated its extreme pattern of legal delinquency that did not fall

within the zealous presentation by an average law firm where the Appellate Division has already upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against the Baum law firm and its attorneys who were substituted by the law firm of the Defendant ESCM who has followed the foot – steps of Baum law firm based on the undeniable Court records.

184. Plaintiff Izmirligil has been damaged by the Defendant ESCM's intentional, persistent and deceitful conducts as set forth above, by which proximately caused and forced Plaintiff Izmirligil to expand, additionally, in excess of $350.000.00 in legal fees and costs to defend himself against the Defendant's conduct and expects to expand more than $200.000.00 to further litigate the case(s) where the Defendant ESCM's intentional deceit is part of a "larger fraudulent scheme" as per the Appellate Division's recent February 13,2020 Order in favor of Plaintiff Izmirligil in that was upheld the Izmirligil's four(4) NYJL §487 claims against the Baum law firm for its "identical violations" of NYJL § 487, e.g. fabrication of forged assignment, fabrication of a  fraudulent RPAPL § 1303 notice and filing by the Clerk's Office and the Courts, etc., in the 2015 State action where the Defendant ESCM's fraudulent scheme extended beyond the prior lawsuits.

185. By reason of the foregoing, this Court should issue declaration finding that the Defendant ESCM's conduct violated NYJL §487, and enter a judgment against  the Defendant ESCM in the amount of $3.000.000.00 which represents the Plaintiff's damage, total costs and expenses, trebled that was proximately caused by the Defendant's intentional, persistent and deceitful conducts to deceive the Federal and State Court's in that will be deterrent and be served as a punishment for the Defendant law firm of ESCM.

## COUNT – VII

### VIOLATION OF THE NEW YORK JUDICIARY LAW SECTION 487, NYJL § 487
### ( Against the Defendant Scher )

186. Plaintiff repeats, reiterates and realleges the allegations set forth in and all prior paragraphs of this complaint as if fully set forth herein at length. This count is plead against the Defendant Scher.

187. The Defendant attorney Scher who was also defendant  for his violations of NYJL §487, previously, for the similar reasons, engaged in fraudulent, persistent, intentional and deceitful conduct in connection with his clients Baum defendants for their fabrication of a forged assignment and other Court documents and further filing with the Courts and Clerk's Office based on the Appellate Division's recent February 13,2020 Order that upheld the Plaintiff Izmirligil's four(4) NYJL § 487 claims against the Baum law firm and its three(3) attorneys.

188. In particular, the Defendant Scher colluded with his clients Baum defendants and colluded with the attorneys of ESCM who had fabricated multiple "fraudulent attorney affirmations" and "fraudulent affidavits" and filed by the Courts to deceive the State and Federal Courts in violation of Appellate Division's two(2) November 13,2016 Orders and recent February 13,2020 Order to obtain an order of reference and amount due and further to obtain a default judgment against Plaintiff Izmirligil.

189. The Section 487 of New York Judiciary Law ("NYJL§487") states in its interim that "An attorney or Counselor who: (1) is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court or any party; or, (2) willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for, or on account of any money which he has not laid out, or becomes answerable for, is guilty of misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action"

190. As set forth at length above, Defendant Scher has engaged in intentional deceit to deceive the Courts, both State and Federal Courts, by falsification, concealment, cheating and lying, during the course of a pending proceeding in the Appellate Court, Second Department.

191. The Defendant Scher's intentional deceit was – and still is extreme and egregious, and further

71

chronic, persistent that demonstrated its extreme pattern of legal delinquency that did not fall within the zealous representation by an average attorney where the Appellate Division has already upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against the Baum attorney's who are substituted by the law firm of ESCM who also followed the foot – steps of Baum law firm.

192. Plaintiff Izmirligil has been damaged by the Defendant Scher's intentional, persistent and deceitful conducts as set forth above by which proximately caused and forced Plaintiff Izmirligil to expend , additionally, in excess of $350.000.00 in legal fees and costs to defend himself against the Defendant's conducts and expects to expend more than $200.000.00 to further litigate the case(s) where the Defendant Scher's intentional deceit is part of a "larger scheme" colluding with other Defendants as per the Appellate Division's recent February 13,2020 Order in favor of Plaintiff Izmirligil in that upheld the Izmirligil's four(4) NYJL §487 claims against Baum attorneys for their identical violations of NYJL §487 in the Upper and Lower State Courts where Defendant Scher's fraudulent scheme extended beyond the prior lawsuits.

193. By reason of the foregoing, this Court should issue declaration finding that Defendant Scher's conduct violated  NYJL §487, and enter a judgment against the Defendant Scher in the amount of $3.000.000.00 which represents the Plaintiffs damages, total costs and expenses, trebled that was proximately caused by the Defendant's intentional, persistent and deceitful conducts to deceive the Federal and State Courts in that will be deterrent and be served as a punishment for the Defendant attorney Scher.

## COUNT – VIII

### VIOLATION OF NEW YORK JUDICIARY LAW SECTION 487, NYJL § 487
### ( Against the Defendant Law firm of KDV )

194. Plaintiff repeats, restates and realleges the allegations set forth in and all prior paragraphs of

this complaint as if fully set forth herein at length. This count is plead against the Law firm KDV.

195.The Defendant law firm of KDV engaged in fraudulent, persistent, intentional and deceitful conduct in connection with their attorney Sher's multiple violations of NYJL §487 with State and Federal Courts to deceive the Upper and Lower State and Federal Courts where the law firm of KDV, along with its attorney Scher were defendant in an unrelated State case for their similar violations of NYJL §487.

196. In particular, the Defendant KDV through its Defendant attorney Scher, colluded with the Defendant Law firm of ESCM who also colluded with the Defendant SPS, intentionally and persistently and knowingly deceived the State and Federal Courts in violation of NYJL §487 to obtain an order of reference and amount due and further to obtain a default judgment against Izmirligil

197. The Section 487 of New York Judiciary Law ("NYJL §487")  states in its interim that " An attorney or counselor who: (1) is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the Court, or any party; or, (2) willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for, or on account of any money which he has not laid out, or becomes answerable for, is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."

198. As set forth at length above, Defendant Law firm of KDV, through its attorney has engaged in intentional deceit to deceive the Courts, both State and Federal Courts, by falsification, concealment, cheating and lying, during the course of pending judicial proceedings in the Upper and Lower State and in the District Court, EDNY.

199.The Defendant law firm of KDV's intentional deceit was – and still is extreme and egregious and further chronic, persistent that demonstrated its extreme pattern of legal delinquency that did not fall within the zealous presentation by an average law firm where the Appellate Division has already

upheld the Plaintiff Izmirligil's four(4) NYJL §487 claims against the Defendant KDV's client Baum

law firm and its attorneys who were substituted by the law firm of the Defendant ESCM who followed

the foot – steps of Baum law firm based on the undeniable Court records a set forth in the above.

200. Plaintiff Izmirligil has been damaged by the Defendant KDV's intentional, persistent and deceitful

conducts as set forth above, by which proximately caused and forced Plaintiff Izmirligil to expend,

additionally in excess of $350.000.00 in legal fees and costs to defend himself against the Defendant's

conduct and expects to expend more than $200.000.00 to further litigate the case(s) where the

Defendant KDV's intentional deceit is part of a  "larger fraudulent scheme" as per the Appellate

Division's recent February 13,2020 Order in favor of Plaintiff Izmirligil in that was upheld the

Izmirligil's four(4) NYJL §487 claims against Baum law firm for its identical violations  of  NYJL

§487 in the Upper and Lower State Courts where the Defendant KDV's fraudulent scheme extended

beyond the prior lawsuits.

201. By reason of the foregoing, this Court should issues declaration finding that Defendant KDV's

conduct  violated NYJL §487, and enter a judgment against the Defendant KDV in the amount of

$3.000.000.00 which represents the Plaintiff's damages, total costs and expenses, trebled that was

proximately caused by the Defendant's intentional, persistent and deceitful conducts to deceive the

Federal and State Courts in that will be deterrent and be served as a punishment for the Defendant

KDV.

## COUNT – IX

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349, NYGBL§ 349
### ( Against all Defendants)

202. Plaintiff repeats, restates and realleges the allegations set forth in and all prior paragraphs of this

complaint as if fully set forth herein at length. This count is plead against all Defendants.

203. Plaintiff Izmirligil is "person" within the meaning of NYGBL §349 (h).

204.New York General Business Law §349(a) prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnish of any services in this State..."N.Y.G.B.L.§349(a).

205. Under N.Y.G.B.L §349, prohibited acts and practices must be consumer – oriented and have a broader impact on consumers at large, in that they are recurring, or potentially affect similarly situated consumers.

206.The Defendants acts and practices, as set forth above in detail and further alleged herein, constitute acts, uses, or employment by them and their agents of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of merchandise, and with the subsequent performance, of Defendants in violation of Section 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

207. By engaging in a pattern and practice, as enumerated above, are misleading to a reasonable consumer in a material way where Defendants have performed deceptive acts or practices in the conduct of their business in New York State, as set forth above. The Defendant conspirators meticulously crafted a scheme, in conspiring to violate, among others, NY GBL §349 NYJL §487 and Fraud on the Court statute, in concert with other co – conspirators constitute false, misleading, deceptive, fraudulent, forgery, criminal or otherwise illegal conduct under the law.

208. The Defendants' acts and practices were consumer – oriented , the acts and practices were misleading – still are persistently ongoing – in a material respect and Plaintiff Izmirligil has suffered - and still suffers – compensable harm as a direct and proximate result, as detailed above.

209.The Defendants' representations were materially false and misleading and likely to deceive the consuming public, because Defendants knew or reasonably should have known and further failed

to disclose where the reliance is satisfied by the materiality of the omissions and/or the actual reliance of the Plaintiff Izmirligil, as reasonable consumer.

210. The Defendants deceptive acts and practices have directly, foreseeably, and proximately caused damages and injury to Plaintiff Izmirligil , including, but not limited to incurring out of pocket expenses both, in an attempt to pay for the fees, or challenge the persistent and intentional misrepresentations.

211. In addition to the pecuniary losses, Plaintiff Izmirligil suffered actual harm as a result of the Defendants' violation of NY GBL §349(a), including but not limited to, the annoyance, harassment, time, anger, frustration, mental anguish and anxiety incurred by Plaintiff Izmirligil due to the Defendants' violation of NY GBL §349.

212. For these reasons, Plaintiff is entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C §§2201 and 2202, and is further entitled to recover, actual damages, statutory damages, treble damages and punitive or exemplary damages, together with costs and attorneys fees, pursuant to NY GBL §349(h).

## JURY DEMAND AND RESERVATION OF HIS RIGHT TO AMEND

213. Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury as to all issues so triable. While Izmirligil does not seek to collaterally attack any prior order in the State Courts where he is prevailing party based on the Appellate Division's two(2) November 30,2016 Orders and recent February 13,2020 Order in the 2009 and 2015 State actions; Rather, Izmirligil seeks economic damages;mental damages and additional  legal cost incurred as a result of the Defendants' misconducts (see Oorah, Inc v. Kane Kessler, PC., 768 f. App'x. 69 (2d Cir. 2019)). Further, reserves the right to amend his complaint if this Court determines otherwise.

### PRAYER FOR RELIEF

214. WHEREFORE, Plaintiff Izmirligil respectfully prays that Judgment be entered against the Defendants as follows:

A. On the First Cause of Action, an Order determining that Defendants, ESCM, attorney Flickinger and attorney Trumbull have violated Fair Debt Collection Practices Act, 15 U.S.C §1692, et al, an award of actual damages, statutory damages, costs and attorney fees.

B. On the Second Cause of Action, an Order determining that Defendant SPS has violated Fair Debt Collection Practices Act, 15 U.S.C §1692, et al., an award of actual damages, statutory damages, costs and attorney fees.

C. On the Third Cause of Action, a Declaration that all Defendants have violated Fraud on the Court Statute, Fed.R.Civ. P. §60(b), an award of dispositive sanctions, monetary sanctions, attorney fees and costs.

D. On the Fourth Cause of Action,  a Declaration that attorney Trumbull has violated New York Judiciary Law §487 and an Order for imposition of sanctions and penalties including a judgment in the amount of $3.000.000.00.

E. On the Fifth Cause of Action, a Declaration that attorney Flickinger has violated New York Judiciary Law §487, and an Order for the imposition of sanctions and penalties including a judgment in the amount of Plaintiff's actual damages, legal fees, costs, and expenses, trebled in the amount of $3.000.000.00.

F.  On the Sixth Cause of Action, a Declaration that the Law firm of ESCM has violated New York Judicial Law §487, an Order for the imposition of sanctions and penalties including a judgment in the amount of Plaintiff's actual damages, total costs, expenses, attorney fees, trebled in the amount of $3.000.000.00.

G. On the Seventh Cause of Action, a Declaration that attorney Scher has violated New York

Judiciary law §487, an Order for the imposition of sanctions and penalties including a judgment in the amount of Plaintiff's actual damages, total costs, expenses, attorney fees, trebled in the amount of $3.000.000.00.

H. On the Eighth Cause of action, a Declaration that the Law firm of KDV has violated New York Judiciary Law §487, and Order for the imposition of sanctions and penalties, including a judgment in the amount of Plaintiff's actual damages, legal fees, costs, expenses, trebled in the amount of $3.000.000.00.

I.  On the Ninth Cause of Action, a Declaration that all Defendants have violated New York General Business Law §349, and an Order for to recover actual damages, statutory damages, treble damages, and punitive damages, together with costs and attorney fees, pursuant to GBL§349(h).

J.  Such  other and further relief as may be just and proper.


Dated: June 19, 2020                                    Respectfully Submitted,
       Miller Place, NY.

                                                        Dr. Arif S. Izmirligil, pro se
                                                        15 Sailors Court,
                                                        Miller Place, NY. 11764
                                                        (P)(631)928-7660
                                                        (F) (631)642-9281
                                                        (E) yesizm@aol.com